THE PEOPLE ex rel. CHAUNCEY KILMER et al., Appellants, *v.* PATRICK McDONALD, Town Clerk, etc., et al., Respondents.

The provision of the State constitution declaring that municipal officers whose election or appointment is not provided for therein, shall be elected by the electors of the municipality (Art. 10, § 2), does not prohibit the legislature from appointing commissioners for the purpose of widening a designated highway in a village by proceedings different from those which can be taken by commissioners of highways under the general laws of the state.

The provision, therefore, of the act providing for "laying out and improving roads and avenues in the village and town of Saratoga Springs," (Chap. 623, Laws of 1870), which creates avenue commissioners, and the acts amendatory thereof (Chap. 674, Laws of 1871, and chap. 500, Laws of 1872), so far as they relate to the widening of Union avenue, are not in conflict with said constitutional provision.

The commissioners of appraisal in proceedings under said act of 1870, in their final report or determination, gave simply the names of the land owners with the amount awarded to and assessed against each, omitting to give the quantity and value of land taken, or a general description of the property assessed for benefits, as required by said act (§ 13); *held* that this was fatal to the proceedings although the property affected was in fact surveyed and mapped; and that the map not having been referred to in the report could not be resorted to, to supply the deficiency; nor could it be presumed that it formed part of the report.

But *held* that it appearing that said map contained the material necessary for making a proper assessment, and that the assessment was in fact made according to it, the defect in the final report was cured by the act of 1874 (Chap. 256, Laws of 1874), confirming the proceedings of said commissioners of appraisal.

It was competent for the legislature thus to cure any irregularity or defect in the form in which the power to make the assessment had been executed.

As such confirmatory act contained no provision saving from its effect proceedings then pending, it was operative, although before its passage a writ of *certiorari* had been issued to review the proceedings of the commissioners.

Upon a common law *certiorari* costs are not allowable.

(Argued February 13, 1877 ; decided April 24, 1877.)

Appeal from judgment of the General Term of the Supreme Court in the third judicial department affirming with costs the proceedings of commissioners of appraisal appointed under chapter 623 Laws of 1870, by virtue of which certain assessments were made against the relators for extending and widening Union avenue in the village of Saratoga Springs, which proceedings were brought up for review by *certiorari* issued in 1873.

The facts appear sufficiently in the opinion.

*A. Pond*, for the appellants. Chapter 623, Laws of 1870, and the acts amendatory thereof, are unconstitutional, and all the proceedings under them, including the appointment of the commissioners of appraisal and their acts, are void. (Const., art. 10, § 2; Laws 1870, chap. 623, p. 1442; Laws 1871, chap. 674, p. 1465; Laws 1872, pp. 750, 1166; 1 R. S. at Large, 312, 313, §§ 1–3; Laws 1826, chap. 22, §§ 1, 2; Laws 1866, 479, § 4; 493, § 35; *People* v. *Albertson*, 55 N. Y., 50, 56, 57, 64; *People* v. *Raymond*, 37 id., 428, 430; *People* v. *Crooks*, 53 id., 648; *People* v. *McKinney*, 52 id., 57; *People* v. *Pinckney*, 32 id., 382; *Devoy* v. *Mayor, etc.*, 36 id., 449; *Warren* v. *People*, 2 Den., 272; *People* v. *Acton*, 48 Barb., 524; *People* v. *Blake*, 49 id., 9; *People* v. *Bradley*, 42 How., 423; *Clark* v. *Miller*, 54 N. Y., 528; *People* v. *Flagg*, 46 id., 401; *People* v. *Cook*, 53 id., 648.) If the act of 1870 is constitutional, the acts of the commissioners, not being in conformity thereto, are void. (*People* v. *Haines*, 49 N. Y., 587, 593; *Water Com'rs* v. *Owners, etc.*, 2 Weekly Dig., 430; *People* v. *Hulbert*, 46 N. Y., 110, 113; *Westfall* v. *Preston*, 49 id., 349; *Cruger* v. *Dougherty*, 43 id., 107,

121; *Sharp* v. *Speir*, 4 Hill, 76; *Whitney* v. *Thomas*, 23 N. Y., 28; 4 T. & C., 289; 2 Hun, 70; *Lawton* v. *Com'rs*, 2 Cai., 179; *Ex parte Mayor, etc.*, 23 Wend., 287; *People* v. *Cheritree*, 6 T. & C., 478; *In re Cameron*, 50 N. Y., 502; *In re Washington Park*, 52 id., 131; *Riley* v. *City of Brooklyn*, 46 id., 445; *Clark* v. *N. Y. L. Ins. Co.*, 7 Lans., 322; *Cram* v. *Union Bank*, 4 Keyes, 558.) Chapter 256, Laws of 1874, in which the proceedings of the avenue commissioners and the commissioners of appraisal are attempted to be ratified and confirmed, is wholly ineffectual for that purpose. (*Hopkins* v. *Mason*, 61 Barb., 469; *Ireland* v. *Rochester*, 51 id., 415, 431; *Doughty* v. *Hope*, 3 Den., 595, 599; *In re Turfler*, 44 Barb., 53; *People* v. *Canal Board*, 7 Lans., 220; *In re Van Antwerp*, 56 N. Y., 266.) The remedy by *certiorari* was the proper one. (*Moore* v. *Smedley*, 6 J. Ch., 28; *Heywood* v. *Buffalo*, 14 N. Y., 534, 539.) Upon the filing of their report by the commissioners, the case, so far as they were concerned, was at an end. (*People* v. *Highway Com'rs*, 30 N. Y., 72; *Starkweather* v. *Seeley*, 45 Barb., 164; *People* v. *Reddy*, 43 id., 539, 545; *People* v. *Fredericks*, 48 id., 173, 176.)

*L. B. Pike*, for the respondents. The act of 1870 (chap. 623), and the acts amendatory thereof, were not unconstitutional. (*Litchfield* v. *Vernon*, 41 N. Y., 123; *Crowell* v. *Lawrence*. id., 137; *Astor* v. *Mayor, etc.*, 62 id., 567; *Lichfield* v. *McOmber*, 42 Barb., 288.) The writ of *certiorari* will not lie for errors in the proceedings before the commissioners. (Laws of 1870, chap. 623, § 13; Laws 1872, chap. 500, § 1; *People* v. *County Court Jeff. Co.*, 1 T. & C., 606; *People* v. *Mayor, etc.*, 63 N. Y., 291; *Lennon* v. *Mayor, etc.*, 55 id., 365; *People* v. *Betts*, id., 603.) The legislature had power to confirm the acts of the commissioners after commencement of the suit. (*People* v. *Mitchell*, 35 N. Y., 552; *Thompson* v. *Lee Co.*, 3 Wal., 327; *Lennon* v. *Mayor; etc.*, 55 N. Y., 367; *In re Burke*, 2 Hun, 284; *Town of Duanesburgh* v. *Jenkins*, 57 N. Y., 191.)

Rapallo, J.   We have carefully examined the acts of the legislature relating to the proceedings under review in this case, and the points urged by the appellants in opposition to the validity of such proceedings, and deem it sufficient, without an elaborate discussion of the points, to state our conclusions thereon, which are as follows :

First. That the act of 1870 (ch. 623) creating the avenue commissioners, and the subsequent acts amendatory thereof, so far at all events as the widening of Union avenue is concerned, are not in conflict with section 2 of art. 10 of the constitution of this State, but are constitutional and valid. These commissioners do not take the place of the commissioners of highways, but are appointed for the special purpose of executing a power which is undoubtedly possessed by the legislature, of widening a certain designated avenue by proceedings different from those which could be taken by the commissioners of highways under the existing general laws of the state: The commissioners of highways still continue in office and the charge of the avenue thus widened devolves upon them after the fulfilment of the office of the avenue commissioners. (*Astor* v. *Mayor, etc.,* 62 N. Y. 567.)

Second. That the proceedings of the commissioners of appraisal appointed pursuant to said acts, in making the assessment here complained of, were not in conformity with said acts, in this, that the original act of 1870 (ch. 623, § 13), required that after such commissioners should have reviewed their first awards and assessments they should make their determination in writing, stating the quantity of land, and the value of any property, taken for the avenues, with the names of the persons and the amount of damages awarded, *and also a general description of all lands and property assessed for benefits, with the names of the owners and the amount assessed against each.*   Whereas, the final report of such commissioners does not state the quantity or value of the lands taken for the widening of Union avenue, nor any description whatever of the lands or property assessed for benefits, but contains merely a list of the names of various

persons in said report stated to be land owners within the assessable district, and assesses upon them respectively the sums set opposite to their respective names, as resulting benefits to be assessed and paid by them for the lands severally owned by them in such district, without in any manner describing the lands assessed as required by said act. As is remarked by MILLER, J., in his opinion on the motion to quash the writ of *certiorari*, it is impossible to ascertain from the report for what particular parcels of land, or for what quantity of land the relators were assessed, and this omission was fatal to the proceeding. · Although it appears from the return of the commissioners to the writ of *certiorari* that they did in fact cause the property described in the act of May 3, 1872, to be surveyed and mapped, yet such map is not mentioned or referred to in the final determination or report of the commissioners, nor does it appear that it was annexed thereto or filed therewith, or in any manner made part thereof, and therefore it cannot be resorted to for the purpose of supplying the deficiency in the report. We do not think that the facts stated in the return were sufficient to authorize the presumption relied upon at General Term that the map formed part of either report.

Third. That notwithstanding this defect in the report of the commissioners of appraisal, it does appear from their return to the writ of certiorari that the feet and inches of land owned by each individual within the district described in the act of 1872, were shown on said map, and that said map was the guide of the commissioners in ascertaining the quantity of land of each land-owner to be taken for the widening of Union avenue. It also appears from an inspection of such map, which is annexed to the return, that the several parcels of land within the district owned by said land-owners are separately laid out on said map and marked with the names of their respective owners. The map therefore contained the materials necessary for making a proper assessment against such land owners upon the lands owned by them respectively, and the assessment was in fact made

according to such map.  We are therefore of the opinion that the act of 1874 (chap. 256), confirming the proceedings of the avenue commissioners and commissioners of appraisal was effectual for the purpose of curing the omission of the commissioners of appraisal to specify or describe in their report the parcel of land in respect of which each land owner was assessed, and thus validating the assessment so made.

Power had been conferred by the legislature to make the assessment actually made, and it was competent to cure any irregularity or defect in the form in which such power had been executed.  (*People* v. *Mitchell*, 35 N. Y., 552; *Astor* v. *Mayor*, &c., 62 N. Y., 588.)

Fourth. That such confirmatory act was operative in this case, notwithstanding that the writ of certiorari had been issued before the passage of the act.  It was the existing law at the time of the hearing upon the writ, and as it contains on provision saving from its effect proceedings pending at the time of its passage, it must govern the case.  (*Town of Duanesburgh* v. *Jenkins*, 57 N. Y., 191, 192.)

The judgment must be affirmed, but as the confirmatory act was passed pending the proceeding, the affirmance should be without costs.

All concur, MILLER, J., not sitting.

Judgment affirmed.

Upon a subsequent motion for a reargument, the following opinion was handed down:

*Per Curiam.*  The appellants move for a reargument in this case on the merits, upon the assumption that the court overlooked the fact that in this case land was taken for public use, and that the proceedings of the commissioners appointed to appraise the lands having been held invalid, the Legislature could not confirm their proceedings; that their report was a nullity, and at the time of the passage of the confirmatory act of 1874 no land had been taken for public use, and therefore giving effect to that act results in

allowing the Legislature itself to take the land and make the appraisal, which is in violation of section seven of article one of the Constitution.

That section provides that the compensation for land taken for public use, when not to be made by the State, shall be ascertained by a jury, or by not less than three commissioners, appointed by a court of record; and the case of *Menges* v. *The City of Albany* (56 N. Y., 374), is cited to the effect that any act of the Legislature assuming to authorize such appraisal in any other manner, is void.

In that case the act assumed to authorize the appraisal by a body of freeholders, who were neither a jury nor commissioners appointed by a court of record. In the present case no such fault can be found with the original act under which the commissioners were appointed. The invalidity of their action did not result from any unconstitutionality in the manner of their appointment, or want of jurisdiction on their part, but solely from their failure to comply with the provisions of the act which required them to state in their report the quantity of land and the value of any property taken, with the names of the owners and amount of damages awarded, and a general description of the lands assessed, etc. In lieu of this they only stated the names of the owners, with the amounts awarded to and assessed against each.

But their return shows that they examined the property and caused it to be surveyed and mapped showing the feet and inches owned by each individual, which map was their guide in ascertaining the quantity of land owned by each land owner, to be taken for the improvement, and they annex the map to their return. The assessment and appraisal were, in fact, made in a manner in which it would have been competent for the legislature, under the constitution, to have authorized it to be made; and therefore we think that they did not transcend their powers by legalizing what the commissioners had done. The appraisal was made by commissioners appointed in the manner prescribed by the constitu-

tion, and although it would have been more orderly and satisfactory if, in confirming their action, the legislature had required more particular and detailed evidence of their proceedings to have been made matter of record, yet we cannot say that the failure to do so presents any constitutional objection. There can be no practical difficulty in ascertaining the amount of land taken from each land owner; and it appears from the return that after giving ample time for all who were interested, to be heard, and examining the property and ascertaining by said survey and map the exact quantity of land to be taken, the commissioners made their awards and assessments according to their best judgment.

The awards were therefore made, not by the legislature but by commissioners regularly appointed, and though they failed to comply with some of the formalities prescribed in the original act, the legislature had the power to cure this defect which was merely in the manner of execution of the authority legally conferred upon them.

As this court affirmed the judgment below without costs, on the ground that the confirmatory act was passed after the institution of this proceeding, the appellants contend that for the same reason the judgment of the General Term should be modified by striking out the award of costs to the respondent. We think this modification should be made for a more conclusive reason, viz.: that on a common law certiorari costs are not allowable, as we have heretofore held.

The motion for a reargument should be denied, and the remittitur amended so as to modify the judgment appealed from by striking out the allowance of costs in the court below.

All concur.

Ordered accordingly.