THE CITY OF SYRACUSE, Appellant, *v.* CHARLES HUBBARD and Others, Respondents.

*Designation by the Legislature of a board to audit claims against a municipality — power of the Legislature to appoint persons not city officers — such persons are not a court — the constitutional provision as to appointment and election of city officers is limited to such offices as existed at the time of its adoption.*

The city of Syracuse in the year 1899 incurred liabilities largely in excess of the appropriations and the charter limitations. The city, under its charter, was not liable for the excess, and its then auditing body was prohibited from auditing or paying the same. Chapter 402 of the Laws of 1901 was, therefore, passed authorizing and directing certain designated persons to audit all outstanding claims against the city which were incurred in 1899 and which the city was legally or equitably obligated to pay. The persons designated were required to complete their work by a certain date and the general functions of the regular auditing officers of the city were not interfered with.

*Held,* that the statute was not unconstitutional;

That the Legislature had power to charge the payment of the deficiency upon the city so far as there was a legal or equitable basis for the claims constituting the same;

That the persons designated in the statute were not " city officers " within the meaning of section 2 of article 10 of the Constitution of the State of New York which provides that all " city officers " whose election or appointment is not provided for by the Constitution shall be elected by the electors of the city or appointed by such authorities thereof as the Legislature shall designate;

That the constitutional provision only relates to such offices as existed at the time the Constitution took effect, and does not apply to a person whom the Legislature, in providing for the accomplishment of a particular object within its power, designates to perform a specific duty that might be performed by a local city or town officer;

That the right to take testimony given to the persons designated in the act did not render them a court of inferior jurisdiction within the meaning of section 18 of article 6 of the Constitution.

APPEAL by the plaintiff, The City of Syracuse, from an order of the Supreme Court, made at the Oneida Special Term and entered in the office of the clerk of the county of Onondaga on the 27th day of June, 1901, vacating a temporary injunction theretofore granted in the action.

*M. Z. Haven, Corporation Counsel,* and *J. S. Thorn,* for the appellant.

*Alexander H. Cowie,* for the respondents.

Order affirmed, with ten dollars costs and disbursements, upon opinion of MERWIN, J., delivered at Special Term.

All concurred; RUMSEY, J., not sitting.

The following is the opinion of MERWIN, J., delivered at Special Term:

MERWIN, J.:

The plaintiff claims that chapter 402 of the Laws of 1901 is unconstitutional. If so, the injunction should continue.

The deficiency sought to be provided for by this act arose from the fact that in the year 1899 liabilities were created and expenditures incurred largely in excess of appropriations and charter limitations. For such excess the city was not, under its charter, liable, and the common council, the then auditing body, were prohibited from auditing or paying the same. (Laws of 1885, chap. 26, § 229.)

In the complaint it is alleged that some of the items of the deficiency are legal and can be enforced at law against the city.

This is denied by the answer. Upon the first of January, 1900, chapter 182 of the Laws of 1898 became applicable to the city of Syracuse. Under this act, (§ 65) the comptroller was the auditing officer, subject to appeal to the board of estimate and apportionment. Nothing seems to have been done in the year 1900 toward the audit or payment of any legal claims that may have been included in the deficiency.

By the act in question the defendants were authorized and directed to audit all outstanding claims against the city which the city is legally or equitably obligated to pay and which were incurred in the year 1899. This evidently referred to the claims which had not been paid by reason of the deficiency existing in 1899. It is so alleged in the complaint and admitted in the answer.

The claim of the plaintiff is that the act of 1901 is unconstitutional and void, in that it assumes to confer upon the defendants the power of auditing claims against the city, thereby in effect, as the plaintiff claims, appointing them city officers, in violation of section 2 of article 10 of the Constitution, which provides that all city officers, whose election or appointment is not provided for by the Constitution, shall be elected by the electors of the city, or appointed by such authorities thereof as the Legislature shall designate.

It. has been held that this constitutional provision relates only to such offices as existed at the time the Constitution took effect. (*People* v. *Draper*, 15. N. Y. 532; *Sun Pub. Assn.* v. *Mayor*, 8 App. Div. 230, 255; affd., 152 N. Y. 257.) The power of audit conferred upon the defendants and which, if anything, made them city officers, was beyond the auditing power possessed by the common council in 1899 or at the time of the adoption of the Constitution.

So that if the existence of the office as a city office is to be determined by the functions of the new officer (*People* v. *Pinckney*, 32 N. Y. 377, 382), it did not exist at the time the Constitution took effect and the restriction upon the Legislature would not apply.

Assume that as to some of the items of the deficiency the power to audit now exists in the comptroller, it would not necessarily follow that the act was invalid.

In *Astor* v. *Mayor* (62 N. Y. 567), it was held that the constitutional provision referred to does not prohibit the Legislature from clothing officers appointed by it, for the purpose of carrying out a public improvement, with power to perform acts which have a special relation to and connection with such improvement simply because the power to perform such acts was, at the time of the adoption of the Constitution, vested in local officers elected by the people. Views in the same direction have been expressed in other cases. (*People ex rel. Kilmer* v. *McDonald*, 69 N. Y. 362; *Matter of Application of Mayor, etc.*, 99 id. 569; *Hanlon* v. *Supervisors of Westchester*, 57 Barb. 397; *Greaton* v. *Griffin*, 4 Abb. Pr. [N. S.] 310; *Town of Kirkwood* v. *Newburg*, 45 Hun, 323, 327.)

These authorities give support to the proposition that if the Legislature, in providing for the accomplishment of a particular specific object which it has power to accomplish, designates some person to perform a specific duty that might be performed by a local city or town officer, the fact that such person is charged with that duty does not make him a city or town officer within the meaning of the Constitution so long as the general duty or functions of the local officers are not interfered with.

Undoubtedly the Legislature had power to charge upon the city the payment of the claims, constituting the deficiency, so far as there was a legal or equitable basis for the same. (*Mayor* v. *Tenth Nat. Bank*, 111 N. Y. 446, 459.) The power conferred upon the

defendants was limited both in subject and in time. They were required to complete their work by the 15th of August, 1901. Practically there was no interference with the auditing officer of the city in the performance of his regular duties.

It is urged that if any claims against the city are to be audited it should be done by the regular auditing officer of the city, but I am not referred to any constitutional provision that in substance provides that no claim shall be paid by a city unless it is audited by its own auditing officer.

It is urged that as to some of the claims the city has upon the merits a good defense, the benefit of which it may lose. In this respect I cannot assume that the rights of the city will not be fully protected in any action the defendants may take.

I am of the opinion that the defendants are not city officers within the meaning of section 2 of article 10 of the Constitution, and their appointment, therefore, is not in violation of that section.

Nor do I find any basis for saying that the appointment is in violation, as alleged in the complaint, of section 18 of article 6 of the Constitution. The right to take testimony in respect to the matters before them does not make them a court within the meaning of that section. Similar power is often given to boards of audit. The defendants have taken the oath required by the act, which in effect exempts them from any further oath under the power given by the Constitution.

I, therefore, conclude that the act is not unconstitutional, and that the motion for a continuance of the injunction should be denied.