THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* THE EMIGRANT INDUSTRIAL SAVINGS BANK, Appellant.

First Department, March 7, 1941.

*John E. McAniff* of counsel [*Lester T. O'Connor* with him on the brief; *Joseph H. Praetz*, attorney], for the appellant.

*James Hall Prothero* of counsel [*Silas S. Lippman* and *Murray Rudman* with him on the brief; *William C. Chanler, Corporation Counsel*], for the respondent.

CALLAHAN, J. The information here charged the defendant, as owner of premises 113–23 West Fifty-first street, New York, N. Y., with violating the provisions of section 4 of article II of the Building Zone Resolution (adopted July 25, 1916), as the same had been amended on April 23 and June 4, 1937, in that the said premises are located in a "Retail District" and the vacant lots thereof were "occupied for the business of storage and parking space for more than five motor vehicles," on October 3, 1937, and various times prior thereto; and with failing to comply within ten days with an order issued by the commissioner of buildings on October 9, 1937, whereby said defendant was directed to discontinue the said unlawful use.

The defendant waived the right to be tried by three justices of the Court of Special Sessions, and consented to a trial by a city magistrate holding a Court of Special Sessions.

The defendant conceded that the premises were used as alleged in the information, but contended such use was permitted by subdivision (a) of section 6 of the Building Zone Resolution, which reads, in part, as follows: "Any use existing in any building or premises on July 25, 1916, and not conforming to the regulations of the use district in which it is maintained, may be continued therein."

The People, on the other hand, claimed that the case came within the provision of subdivision (a) of section 6 following that relied on by defendant, which subsequent provision reads: "No then existing building designed, arranged, intended or devoted to a use not permitted by this article in the district in which such use is located shall be enlarged, extended, reconstructed or structurally altered

unless such use is changed to a use permitted in the district in which such building is located. Such building may, however, be reconstructed or structurally altered to an extent not greater than 50 per cent. of the value of the building, exclusive of foundations * * *." The People contended that a change in use had taken place, and that the premises had been structurally altered, all in violation of the statute.

The evidence adduced before the trial court established that prior to 1915 both West Fifty-first street and West Fifty-second street were lined with two- to four-story stables and carriage houses. When horse-drawn vehicles became obsolete, and prior to July 25, 1916, these stable buildings were used for power-driven vehicles. The buildings were demolished in 1931 and 1934. The People's only witness conceded that the former buildings on the premises involved herein were used for storage or garaging of automobiles from 1915 to the dates of demolition. Concededly, after the buildings were demolished the vacant land had been used continuously for parking purposes. The defendant's witness testified that he was familiar with the property in question, and that for a period of at least twenty-five years, and continuously during all that period, the premises had been used as a garage for the parking and storing of automobiles.

The magistrate stated to the assistant corporation counsel appearing for the People that he was satisfied that a pre-existing, non-conforming use had been established. It was the contention of the People that the saving clauses of section 6 of the Building Zone Resolution were unavailable to the defendant as a defense, because the defendant had changed the use and materially altered the pre-existing structural envelope by demolishing the buildings and conducting the open parking lot. In other words, there was only one issue before the magistrate, to wit: Whether the saving clauses contained in the first portion of subdivision (a) of section 6 of the Building Zone Resolution protected the defendant after the garages were demolished and the vacant land was used for parking cars.

The magistrate found the defendant guilty.

To support the judgment of conviction, the People rely largely on the recent decision of this court in *Matter of 440 E. 102nd Street Corp.* v. *Murdock* (260 App. Div. 604). Reliance is also placed upon the cases of *People* v. *Wolfe* (272 N. Y. 608; S. C., 273 id. 498); *People* v. *Kesbec, Inc.* (281 id. 785).

Plainly the saving clause makes legal the continuation of a use which existed prior to the date mentioned, even though such use is a non-conforming use. Demolition of the buildings on the premises does not remove this exemption which, it is to be noted,

applies to the " premises " as well as the buildings thereon, so long as there was no change or extension in use, or structural alteration of any building in connection with such a change. *Matter of 440 E. 102nd Street Corp.* v. *Murdock* (*supra*) does not hold to the contrary. There it was conceded that a change had taken place from one non-conforming use, to wit, a stable and junkyard, to another such use as a gasoline service station. Here the issue presented is whether any change in use had taken place.

We think that the evidence failed to establish any change in use within the meaning of the statute. The portion of the ordinance relied on by the People prohibits (1) the storage, and (2) the parking of cars. Clearly the storage of cars would be included in a garage use. We think also that a prior use as to parking of cars was sufficiently shown in the present case in connection with the former garages, and that there is proof that the present use is essentially the same as that existing prior to 1916.

In *People* v. *Perkins* (282 N. Y. 329) defendant was convicted of a violation of a zoning ordinance in conducting a business in a zoned residential area. He had used the premises as a residence and greenhouse before the passage of the ordinance, and had been engaged in selling plants and flowers, vegetables and fruit. After the passage of the resolution, he increased the size of his business and added the sale of some novelties such as pottery and lawn ornaments. He made use of the space adjoining his house and greenhouse to sell these articles. The Court of Appeals held that the conviction was erroneous in that, in essence, the business carried on was the same, and stated that there was no evidence to justify a finding that the defendant was doing more than continuing a pre-existing non-conforming use.

The cases of *People* v. *Wolfe* and *People* v. *Kesbec, Inc.,* are readily distinguishable in that there was no attempt by the defendants in those cases to prove a similar use prior to 1916, but merely such use prior to 1935 when parking lots were first prohibited by the ordinance. No express saving clause applied in those cases, for the only saving clause in the statute refers to use earlier than July 25, 1916. The question there presented was whether it was within the police power to prohibit parking, where that use had been in existence before the passage of the statute.

As there was no change of use here, the judgment of conviction was erroneous.

The judgment of conviction should be reversed and the information dismissed.

MARTIN, P. J., O'MALLEY, TOWNLEY and COHN, JJ., concur.

Judgment unanimously reversed and the information dismissed.