In the Matter of BOARDWALK & SEASHORE CORPORATION, Respondent, against HARRIS H. MURDOCK et al., Constituting the Board of Standards and Appeals of the City of New York, Appellants.

Argued May 22, 1941; decided July 29, 1941.

*William C. Chanler*, Corporation Counsel (*Paxton Blair*, *James Hall Prothero* and *James Hurley* of counsel), for appellants. The saving clause in subdivision a of section 6 of the Building Zone Resolution, adopted in 1916, applies to uses regulated by it, and not to uses regulated from time to time by later amendments. (*Matter of McIntosh* v. *Johnson*, 211 N. Y. 265; *Cohen* v. *Rosedale Realty Co.*, 120 Misc. Rep. 416; *Southern Leasing Co.* v. *Ludwig*, 168 App. Div. 233; 217 N. Y. 100; *Marcus* v. *Village of Mamaroneck*, 283 N. Y. 325; *People* v. *Santer*, 96 Misc. Rep. 109; *Town of Lexington* v. *Bean*, 272 Mass. 547; *Town of Darien* v. *Webb*, 115 Conn. 581.)

*William Gold* and *George Goldberg* for respondent. The Building Zone Resolution Amendment of June 28, 1935, was expressly intended to exempt existing uses, and in any event, as a matter of law, is required to be construed prospectively so as not to affect the continuance of prior established uses. (*Autocar Sales & Service Co.* v. *Hansen*, 270 N. Y. 414; *Matter of Miller*, 110 N. Y. 216; *Matter of Kingsbury*, 192 App. Div. 206; *Dodin* v. *Dodin*, 16 App. Div. 42; 162 N. Y. 635; *78th Street & Broadway Co.* v. *Rosenbaum*, 111 Misc. Rep. 577; *Union Pacific R. R. Co.* v. *Laramie Stockyards Co.*, 231 U. S. 190.)

CONWAY, J. Petitioner's premises are located at Rockaway Beach in the county of Queens and have been continuously used as a parking space for the outdoor parking of more than five cars " since some time prior to February, 1925." Upon the adoption of the Building Zone Resolution of the City of New York in 1916 the premises were placed in a business use district and while in that district the establishment and maintenance of a commercial parking space was lawful. (*Matter of Monument Garage Corp.* v. *Levy*, 266 N. Y. 339.)

On June 28, 1935, paragraph 15 of subdivision a of section 4 of the Building Zone Resolution was amended so that it prohibited the use of premises for commercial outdoor parking of more than five motor vehicles in a business district. That amendment made the maintenance of the use to which petitioner was putting his premises unlawful, even though that use had been established prior to the adoption of the amendment. (*People* v. *Wolfe*, 272 N. Y. 608; *People* v. *Kesbec, Inc.*, 281 N. Y. 785.)

Still later, on July 31, 1938, the use district of petitioner's premises was changed from a business to a residence district. There, of course, commercial parking use was forbidden even prior to the 1935 amendment. (*Matter of Monument Garage Corp.* v. *Levy, supra.*)

Petitioner in this proceeding sought to obtain a certificate of occupancy, following the service upon him of a notice

that he was violating article 2, section 3, of the Building Zone Resolution by operating a parking space for more than five cars in a residence use district without such a certificate. In September, 1940, the learned Special Term justice granted the relief sought and in February, 1941, the Appellate Division unanimously affirmed the order granting such relief.

On December 18, 1940, section 6 of the Building Zone Resolution was amended. There was added to the first sentence in subdivision (a) the words which are italicized ·below and there was added a new subdivision, denominated (b). The section reads in part as follows:

" § 6. Existing Buildings and Premises. (a) Any use existing in any building or premises on July 25, 1916, and not conforming to the regulations of the use district in which it is maintained, may be continued therein *except as provided in § 21-A*. \* \* \* (b) Any use existing in any building or premises *lawfully established* subsequent to July 25, 1916, and not conforming to the regulations of the use district in which it is *maintained,* may be continued therein except as provided in § 21-A." (Italics supplied.)

Under the amendment to section 6, except for the absence of a certificate of occupancy, the continuance by petitioner of the use of the premises for commercial parking, of more than five cars, was lawful under subdivision (a) if the use had been established prior to July 25, 1916, and thereafter maintained, and under subdivision (b) if *lawfully established* subsequent to July 25, 1916, and thereafter maintained. In either case the use could be continued, except as provided in section 21-A.

Section 21-A, at the time of the amendment to section 6 on December 18, 1940, provided that " no premises may be used \* \* \* as a garage for more than five motor vehicles or for the storage or parking of more than five motor vehicles \* \* \* on \* \* \* any portion of a street between two intersecting streets, on which portion there exists an exit from or an entrance to a public school;

\* \* \* and in no case within two hundred feet thereof measured along the accustomed line of travel." The prohibition against the use of premises "for the storage or parking of more than five motor vehicles" was deleted by an amendment to the section adopted January 9, 1941.

The amendments of December 18, 1940, and January 9, 1941, were both adopted subsequent to the entry of the order at Special Term and were not called to the attention of the Appellate Division. In fact the first time those amendments were called to the attention of any court in this proceeding, was subsequent to the oral argument here. Nevertheless, this court must consider and give effect to them. They necessitate an affirmance, instead of a reversal, of the order below and render inapplicable, to the facts here presented, our decisions in *People* v. *Wolfe* and *People* v. *Kesbec, Inc.* (*supra*), which would otherwise be controlling. (*Rafferty* v. *Smith, Bell & Co.*, 257 U. S. 226.) Parties obtain no vested rights in the orders or judgments of courts while they are subject to review. (*American Foundries* v. *Tri-City Central Trades Council*, 257 U. S. 184, 201; *United States* v. *Heinszen & Co.*, 206 U. S. 370; *Graham & Foster* v. *Goodcell*, 282 U. S. 409, 429; *Carpenter* v. *Wabash Ry. Co.*, [1939] 309 U. S. 23, 27. See, also, *United States* v. *Schooner Peggy*, 1 Cranch [U. S.], 103; *People ex rel. Kilmer* v. *McDonald*, 69 N. Y. 362, 367; *Town of Duanesburgh* v. *Jenkins*, 57 N. Y. 177.) In *United States* v. *Schooner Peggy* (1 Cranch [1 U. S. (Condensed Rep.) 256, 258], 103, 110) Chief Justice MARSHALL said: "It is in the general true that the province of an appellate court is only to inquire whether a judgment when rendered was erroneous or not. But if subsequent to the judgment and before the decision of the appellate court, a law intervenes and positively changes the rule which governs, the law must be obeyed, or its obligation denied. \* \* \* In such a case the court must decide according to existing laws, and if it be necessary to set aside a judgment, rightful when rendered, but which cannot be affirmed but in violation of law, the

judgment must be set aside." So by a parity of reasoning, an order must be affirmed.

The use of the premises for commercial parking of more than five motor vehicles conformed to the provisions of the Building Zone Resolution at the time the use was established and conforms now under the 1940 amendment to section 6 thereof and the 1941 amendment to section 21-A. Petitioner is entitled to the certificate of occupancy sought and granted below. (Building Zone Resolution of the City of New York, § 22. Cf. *Matter of Monument Garage Corp. v. Levy, supra.*)

The order should be affirmed, with costs.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS and DESMOND, JJ., concur.

Order affirmed.