■ In the Matter of BAYVIEW HOTEL, INC., Respondent, v. TEMPORARY STATE HOUSING RENT COMMISSION, Appellant, and MARGARET DAVIS, Individually and on Behalf of All Other Tenants Similarly Situated, Intervenor-Appellant.— In a proceeding under article 78 of the Civil Practice Act, to annul the determination of the State Rent Administrator, rendered August 31, 1959, holding that the subject premises, to wit, certain rooms in the Bayview Hotel, are subject to rent control, and affirming an order of the Local Rent Administrator, made April 9, 1958, which fixed the maximum rent for such rooms, the State

Rent Administrator and the intervenor-tenant Margaret Davis appeal from an order of the Supreme Court, Nassau County, dated April 5, 1960, granting the application and annulling the Administrator's determination. The Local Rent Administrator's said order of April 9, 1958, modified in part and revoked in part his own prior order, dated October 28, 1957, by excluding certain rooms from control and by increasing the maximum rent for the remaining rooms subject to control. The 1958 order, however, left unaffected and in effect confirmed the provision in the earlier 1957 order which directed "the landlord to refund to the tenant within 30 days after this order becomes final, all rent collected by the landlord in excess of the maximum rent established by this order, for a period not exceeding two years prior" to its date. Order appealed from, dated April 5, 1960, annulling the State Rent Administrator's determination, reversed on the law and the facts, without costs; application granted to the extent of amending such determination by adding thereto: (1) a provision that the maximum rents as previously established shall be effective as of June 30, 1959, and (2) a provision modifying accordingly the orders of the Local Rent Administrator, dated April 9, 1958 and October 28, 1957; and application denied in all other respects. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. The said determination of the State Rent Administrator was made following a hearing directed by this court for the purpose of taking proof as to whether the premises had been decontrolled (*Matter of Bayview Hotel* v. *Weaver,* 7 A D 2d 1028). After our decision, but prior to the hearing, namely, on June 30, 1959, the then existing Emergency Housing Rent Control Law expired and the present Emergency Housing Rent Control Law was enacted. The present law, *inter alia,* conditions decontrol of hotels upon the existence of present hotel status and upon the customary rendition of specified hotel services (§ 2, subd. 2, par. [b]; L. 1959, ch. 695). The present rent law is applicable (*Matter of Boardwalk & Seashore Corp.* v. *Murdock,* 286 N. Y. 494); and the proof here shows clearly that the hotel services specified in the present statute were *not* customarily provided. In our opinion, the record sufficiently supports the finding and the determination that the rooms here involved are subject to rent control; but such control became effective when the present rent law became effective. It is also our opinion that the Legislature intended the present statute to apply to pseudo-hotels, such as this (§ 2, subd. 2, par. [b]; § 4, subd. 2-b; § 14, subds. 1, 3; L. 1959, ch. 695; *Hotel Armstrong* v. *Temporary State Housing Rent Comm.,* 11 A D 2d 395; 1959 Report of Temporary State Comm. to Study Rents and Rental Conditions, N. Y. Legis. Doc., 1959, No. 45; Governor's Special Message to Legislature on Feb. 9, 1959, N. Y. Legis. Doc., 1959, No. 48). Nolan, P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.