■ ARCELO REPRODUCTION CO., INC., Respondent-Appellant, v. DANIEL J. MODUGNO, as Building Inspector of the Town of Harrison, et al., Appellants-Respondents, and JOHN AUDIA et al., Intervenors-Appellants-Respondents.— In a proceeding to compel the building inspector of the Town of Harrison to issue a building permit, (1) officials of the Town appeal (a) from an order of the Supreme Court, Westchester County, dated January 10, 1968, which granted the petition and denied a cross motion by certain property owners for leave to intervene and to dismiss the petition, and, (b) as limited by said officials' brief, from so much of an order of said court dated February 6, 1968 and made on resettlement as adhered to the original determination granting the petition (the resettlement order *inter alia* granted the cross motion to the extent of permitting John and Carmela Audia to intervene); (2) said intervenors appeal from stated portions of both orders; and (3) petitioner appeals, as limited by its brief, from so much of the order dated February 6, 1968 as permitted appellants Audia to intervene. (Petitioner originally also appealed from the order dated January 10, 1968, which in no way was adverse to petitioner.) Appeals from order dated January 10, 1968 dismissed as academic, without costs. Said order was superseded by the order dated February 6, 1968. Order dated February 6, 1968, modified, on the law, by (1) striking therefrom the decretal paragraphs which grant the petition, direct the issuance of a permit and direct entry of judgment and (2) by substituting therefor the following: " ORDERED, that the matter is remitted to the Building Inspector of the Town of Harrison, for the purpose of determining whether petitioner's application and plans comply with the requirements of section 5.2 of The 1968 Zoning Ordinance of the Town of Harrison, New York, in connection with which petitioner shall be given an opportunity to amend its plans in the event the building inspector determines that petitioner's present plans do not comply with the parking requirements of the ordinance as amended." As so modified, order affirmed insofar as appealed from, without costs. No questions of fact were considered on these appeals. We are of the opinion that petitioner was entitled to issuance of a permit by the building inspector as a matter of right when petitioner applied for it and also at the times of entry

of the orders from which the appeals were taken. The orders appealed from were therefore proper when made. However, the right to a permit did not vest, and these appeals must be decided upon the law as it now exists (*Matter of Boardwalk & Seashore Corp.* v. *Murdock,* 286 N. Y. 494; *Matter of Dengeles* v. *Young,* 3 A D 2d 758). As a result of amendments to the zoning ordinance made after entry of the orders, a question now arises as to whether petitioner's plans meet the parking requirements of section 5.2 thereof. Accordingly, the matter should be remitted to the building inspector to reconsider petitioner's plans in this respect and in order to afford petitioner an opportunity to amend its plans in the event the building inspector determines that petitioner's present plans do not comply with the parking requirements of the ordinance as amended. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur.