OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the Special Term judgment reinstated.
This article 78 proceeding arises out of the filing by Park of Edgewater, Inc., of a report of decontrol. In question was the lease to Sheldon T. Dodin and his wife of a parcel of land (77-D Edgewater Park) on which they built a house. On August 5, 1975 they gave title to the house to their son Robert for the sum of one dollar.
Following petitioner’s filing of a report of decontrol, the *948 district director determined that the lease did not meet the requirement for vacancy decontrol under section 2 (subd f, par [17]) of the New York City Rent and Eviction Regulations. He, therefore, vacated the report and fixed the land rent at $34.64 per month. Petitioner’s protest to the Commissioner of Housing having resulted in a denial, petitioner began this article 78 proceeding. Special Term dismissed the proceeding, concluding that the Dodins’ ground lease was a housing accommodation subject to control.
The Appellate Division reversed holding that, the Legislature having included ground rentals in "housing accommodations” under the Rent Control Law and then used the same phrase in the vacancy decontrol law, such rentals were under the latter law decontrolled on transfer. While the commissioner’s appeal to our court was pending, chapter 69 of the Laws of 1980 became law. That statute in sections 2 and 3 amended the Rent Control Law and the related Administrative Code provision to make clear that transfer to a member of the leaseholder’s family on or after July 1, 1971 did not decontrol the lease. The act was made effective immediately but provided that sections 2 and 3 be deemed in full force and effect on and after July 1, 1971.
On reargument of the appeal after the enactment of chapter 69, the parties eschewed any contention that sections 2 and 3, if retroactively applied, are unconstitutional, and urged that the question whether land leases were subject to decontrol under prior law be decided, because chapter 69 leaves open the question whether transfer of a land lease to someone other than an immediate family member results in decontrol.
While that may well be true the instant proceeding arises out of and concerns only a transfer to an immediate family member within the meaning of chapter 69. The appeal is to be decided in accordance with the law at the time of decision (Matter of Boardwalk & Seashore Corp. v Murdock, 286 NY 494). Since sections 2 and 3 are expressly made retroactive to July 1, 1971 and the transfer in issue occurred August 5, 1975, the new law has made it clear that that transfer had no bearing upon whether the property involved in this proceeding is controlled.
Any question concerning constitutionality having been waived by the parties and there being but one parcel involved in this proceeding, we are not confronted by an issue of grave public policy that might otherwise require us to decide the *949 constitutional question even though not briefed or argued by the parties (Massachusetts Nat. Bank v Shinn, 163 NY 360; see 11 Carmody-Wait 2d, NY Prac, § 71:117).
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order reversed, with costs, and the judgment of Supreme Court, New York County, reinstated in a memorandum.