■ VILLAGE GREEN CONDOMINIUM CORPORATION, Respondent-Appellant, v LARRY J. NARDECCHIA, JR., as Building Inspector of the Village of Dobbs Ferry, et al., Appellants-Respondents. — In an action, *inter alia,* for a declaratory judgment, (1) defendants appeal from so much of an order of the Supreme Court, Westchester County (Gurahian, J.), entered October 15, 1980, as (a) dismissed their first affirmative defense, (b) denied their cross motion for summary judgment grounded on the Statute of Limitations and the failure to

exhaust administrative remedies, and (c) held, as to the issue of whether the subsequent building inspector had authority to deny a certificate of occupancy after issuance of a building permit for alteration by the former building inspector, that a court hearing was necessary to decide whether the former building inspector as well as the board of architectural review had considered the issue relating to the classification of the structure as one for "public assembly", (2) plaintiff cross-appeals from so much of the aforesaid order as denied its motion for summary judgment, and (3) defendants appeal from an order and judgment (one paper) of the same court (Dickinson, J.), entered May 22, 1981, which, after a hearing, *inter alia,* (a) dismissed the affirmative defense of the Statute of Limitations; (b) adjudged that prior to the issuance of the building permit, the prior building inspector and the board of architectural review had considered the question of whether the proposed use of the structure as a separate clubhouse structure was that of a place of public assembly and decided in the negative, and (c) directed that the building inspector issue a certificate of occupancy. Order and order and judgment (one paper) affirmed, without costs or disbursements. The grant of a building permit, followed by completion of the work, does not constitute, per se, an estoppel against denial of a certificate of occupancy (see *Marcus v Village of Mamaroneck,* 283 NY 325, 330; *Matter of Rosenbush v Keller,* 247 App Div 748). However, here there are the added facts that (1) prior to the building inspector's issuance of the building permit, the village attorney and other officials were present at an administrative hearing where the precise issue of whether the altered use as a clubhouse fell within the interdiction of a "place of public assembly" was discussed, and offered no opposition to the applicant's claim that it did not, and (2) the interpretation of the building inspector was a rational one and not clearly incorrect. Under these circumstances, the subsequent building inspector could not properly refuse to issue a certificate of occupancy based on an interpretation of "place of public assembly" that was contrary to that of the prior building inspector who issued the building permit. Mollen, P. J., Hopkins, Titone, Weinstein and Bracken, JJ., concur.