■ In the Matter of MARI A. KENNEDY, Respondent, v ZONING BOARD OF APPEALS OF TOWN OF NORTH SALEM, Appellant. [613 NYS2d 264] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of North Salem dated July 12, 1990, which, after a hearing, granted the appeal of Richard A. Romanski and ruled that an undated Order to Remedy Violation issued by

the Town Building Inspector with respect to his property is of no force or effect, the appeal is from (1) a judgment of the Supreme Court, Westchester County (Carey, J.), dated April 2, 1991, which vacated the determination, and (2) so much of an order of the same court, entered June 18, 1991, as denied the appellant's motion for reargument and renewal.

Ordered that the judgment is reversed, the determination is confirmed, and the proceeding is dismissed on the merits; and it is further,

Ordered that the appeal from so much of the order as denied the branch of the appellant's motion which was for reargument is dismissed, as no appeal lies from the denial of reargument; and it is further,

Ordered that the appeal from so much of the order as denied the branch of the appellant's motion which was for renewal is dismissed as academic in light of our determination on the appeal from the judgment; and it is further,

Ordered that the appellant is awarded one bill of costs.

The Supreme Court improperly vacated the determination by the Zoning Board of Appeals of the Town of North Salem (hereinafter the Zoning Board), which, *inter alia,* decided that the use of the subject property by the present owner was a lawful nonconforming use under the 1965 Zoning Ordinance of the Town of North Salem, and vacated an Order to Remedy Violation issued to him arising out of his failure to obtain a certificate of occupancy.

The real property in question, formerly owned by the United Methodist Church, is improved with two structures, which originally served as a church and parish house. The current owner, who purchased the property in 1979, utilizes the parish house as a residence and the former church building as a studio/office/workshop in connection with his interior design business. The petitioner is an immediately adjoining landowner. In 1979, in connection with his purchase of the property, the current owner requested a Certificate of Occupancy from the Town Building Inspector. The Town Building Inspector provided the owner with a letter stating, in essence, that the property "was pre-existing to any requirement of a Certificate of Occupancy". The Building Inspector's letter further stated that the parish house was a legal residence and the church building was a legal accessory structure and, thus, the property was in compliance with the applicable 1965 Zoning Ordinance. In addition, shortly after the owner's purchase, the Building Inspector responded to the petitioner's

inquiry and concluded that the property owner's use of the church building as an "artist's office/studio" complied with the applicable zoning ordinance. It is uncontroverted that the present zoning ordinance, adopted in 1987, does not permit the owner's use of the property.

In 1989, after a new Building Inspector took office, the petitioner again registered a complaint and this time it was determined that the property owner's use was not lawful because he did not have a Certificate of Occupancy, which he decided was required under the 1965 Zoning Ordinance. This is also the position taken by the petitioner on this appeal. However, even assuming that a Certificate of Occupancy was in fact required, "[a] use which is otherwise lawfully maintained may be continued as a nonconforming use although the user failed to procure or renew a license, certificate, or other permit required by law * * * The failure to obtain a license does not render the use unlawful in the sense intended by zoning ordinances which preserve existing lawful uses" (1 Anderson, New York Zoning Law and Practice § 6.12, at 219-220 [3d ed]; *see, Matter of Rubin v Wallace,* 63 AD2d 763; *City of New York v Victory Van Lines,* 69 AD2d 605). Further, since the Town's Building Inspector determined in 1979 that the property, and the owner's use thereof, fully complied with the 1965 Zoning Ordinance, the new Building Inspector could not, 10 years later, find that the same use violated the same ordinance *(see, Village Green Condominium Corp. v Nardecchia,* 85 AD2d 692, 693). Accordingly, we sustain the Zoning Board's determination that the owner's use of the property constituted a lawful nonconforming use under the Town's 1965 Zoning Ordinance, since it had a rational basis and was supported by substantial evidence in the record *(see, Matter of Harwood v Board of Trustees,* 176 AD2d 291).

Finally, we find that the additional reasons which the petitioner contends warrant vacating the Zoning Board's resolution are without merit. Mangano, P. J., Bracken, Pizzuto and Hart, JJ., concur.