RAIMUNDA TORRES VDA. DE APONTE, peticionaria, *v.* LA JUNTA DE PLANIFICACIÓN DE PUERTO RICO, ETC., demandada.

Número 5.

*Sometido:* 4 de marzo de 1953. *Resuelto:* 18 de mayo de 1953.

*Henry G. Molina* y *D. Curet Cuevas,* abogados de la recurrente; *Rafael R. Fuertes, A. Sandín del Manzano, José L. Purcell, J. Bonilla Díaz* y *José E. Nieves,* abogados de la recurrida.

EL JUEZ ASOCIADO SEÑOR NEGRÓN FERNÁNDEZ emitió la opinión del tribunal.

El 24 de abril de 1951 la aquí recurrente apeló para ante la Junta de Planificación de una decisión del Oficial de Permisos denegándole una solicitud para la construcción de un edificio de dos plantas para comercio y vivienda en la Calle Loíza esquina Calle Aponte, en Santurce.

El 26 de septiembre del mismo año la Junta de Planificación dictó la siguiente resolución confirmando la decisión del Oficial de Permisos:

"El peticionario en el caso de epígrafe, solicitó del Oficial de Permisos autorización para la construcción de un edificio comercial–residencial de dos plantas, de hormigón, en la Calle Aponte esq. Avenida Loíza, Santurce, Puerto Rico, que está en un Distrito C–2.

El Oficial de Permisos denegó la solicitud debido a que el proyecto no era conforme al Reglamento de Zonificación.

Este caso debe considerarse como uno de apelación especial. Estudiado detenidamente el mismo, esta Junta ha llegado a las siguientes conclusiones de hecho y de derecho:

1. Que el solar en que se desea construir está situado en la misma manzana y da frente al mismo lado de la Calle Aponte que solares incluídos en el distrito residencial adyacente, que es un R–4.

2. Que de autorizarse el proyecto presentado, el edificio carecería del patio delantero requerido por el artículo 49, inciso 3 del Reglamento de Zonificación, que dispone que en el caso de los solares de un Distrito C–2 que estén situados en la misma manzana y dando frente al mismo lado de una calle que solares incluídos en un distrito residencial adyacente, se requerirá un patio delantero con fondo igual al requerido en tal distrito residencial.

3. Que no se ha demostrado en el presente caso la existencia de circunstancias especiales o extraordinarias de tal naturaleza que puedan justificar la concesión de una variación al Reglamento de Zonificación.

Por las razones antes expuestas, esta Junta por la presente CONFIRMA la decisión del Oficial de Permisos."

Solicitada por la recurrente, y denegada que fué por la Junta, la reconsideración de la transcrita resolución, acudió en término hábil la primera ante este Tribunal, de confor-

midad con las disposiciones del artículo 26 de la Ley 213 de 12 de mayo de 1942 ((1) pág. 1107), según quedó enmendado por la Ley 434 de 14 de mayo de 1951 ((1) pág. 1227), sosteniendo (1) que la Junta cometió error al resolver que el frente del solar de la recurrente es la Calle Aponte, y (2) al aplicar equivocadamente el artículo 49, inciso 3 del Reglamento de Zonificación al presente caso y, además, (3) que las conclusiones de derecho no están sostenidas por la evidencia.

La Junta recurrida, por su parte, planteó en su alegato formalmente la falta de jurisdicción de este Tribunal para conocer del recurso, fundándose en el hecho de haber sido apelada la resolución del Oficial de Permisos fuera del término de 15 días fijado para ello por la ley,(¹) pero dicha cuestión fué renunciada el día de la vista por su abogado, en virtud de haber la recurrente unido a los autos documentos que acreditaban que el escrito de apelación, si bien se había radicado originalmente *ante el propio Oficial de Permisos* y no *ante la Junta*, había sido por dicho Oficial trasladado a ésta, aún dentro del término de apelación. Los documentos aludidos justifican la renuncia hecha de dicha cuestión por el abogado de la Junta. Pasemos a las cuestiones planteadas por la recurrente, que pueden considerarse conjuntamente.

▬▬ Son hechos que surgen de los autos, no sólo concedidos por la recurrente, sí que también en parte utilizados por ésta como base de su solicitud de permiso, y en consecuencia, del presente recurso, que ella es dueña de un solar que hace esquina a las calles Loíza y Aponte, en Santurce; que dicho solar ubica en un distrito o zona C–2 y está situado en la misma manzana que solares residenciales, estando ad-

---

(¹) La ley vigente el 24 de abril de 1951, en que se apeló de la resolución del Oficial de Permisos, era la núm. 429 de 23 de abril de 1946 ((1) pág. 1219) que había enmendado el artículo 26 de la Ley 213 de 12 de mayo de 1942 según a su vez enmendado por la 155 de 19 de mayo de 1943. (pág. 489).

yacente a un distrito residencial que da frente a la Calle Aponte.

El inciso 47 del artículo 1ro. del Reglamento de Planificación número 4 promulgado el 22 de mayo de 1946, enmendado el 4 de enero de 1950 define lo que es un solar de esquina así:

"(47) *Solar de esquina*—Un solar dando frente a dos calles que se intersecan o unen."

Y el inciso 3 del artículo 49, que se alega por la recurrente que fué erróneamente aplicado por la Junta, dispone:

"Artículo 49.—(3) *Patio delantero.*—No se requerirán patios delanteros, *excepto en el caso de los solares de un Distrito C–2* que estén *situados en la misma manzana y dando frente al mismo lado de una calle, que solares incluídos en un distrito residencial adyacente,* en cuyo caso se requerirá un patio delantero con fondo igual al requerido en tal distrito residencial." (Bastardillas nuestras.)

De otro lado, el inciso 28 del artículo 1ro. define de esta manera lo que es la línea lateral de un solar, así:

"(28) *Línea lateral del solar*—Cualquier línea que no sea la *línea de la calle* ni la *línea posterior del solar*."

La recurrente sostiene que el frente de su solar no da a la Calle Aponte, y que por lo tanto no puede la Junta requerirle un patio delantero igual al requerido en el distrito residencial en ese mismo lado de la Calle Aponte.

Toda la controversia, como se ve, gira alrededor de lo que constituye el *frente* de su solar. Y para apoyar su posición descansa en los incisos 18 y 27 del artículo 1 del citado Reglamento, que disponen:

"(18) *Fondo del solar.*—La distancia media desde la línea de la calle hasta la línea posterior del solar, medida en la dirección general que siguen las líneas laterales del solar; *Disponiéndose, que en el caso de solares de esquina se considerará como fondo la distancia media* desde una calle hasta cualquier

lado opuesto *en la dirección en que ésta sea mayor.*" (Bastardillas nuestras.)

"(27) *Línea posterior del solar.*—La línea del solar opuesta a la *línea de la calle; Entendiéndose,* que en un solar de esquina dicha línea podrá ser escogida por el dueño, en cuyo caso esta selección se hará constar en los planos que se sometan al Oficial de Permisos."

Ninguno de estos últimos preceptos establece norma para determinar cuál es *el frente* de un solar de esquina distinta de aquella que informa el inciso 47 anteriormente transcrito. El frente de un solar de esquina da *a dos calles* que se intersecan o unen, y las restricciones que afecten a los demás solares de cada calle afectan a dicho solar en el frente correspondiente, a menos que expresamente se le exima de ellas. Véanse *Howden* v. *Mayor, etc. of Savannah,* 172 Ga. 833, 159 S.E. 401; *Monument Garage Corp.* v. *Levy,* 266 N.Y. 339, 194 N.E. 848; Bassett, *Zoning,* pág. 59 *et seq.,* y anotación en 159 A.L.R. 854. El dueño de un solar de esquina puede, conforme al inciso 27, escoger la *línea posterior del solar,* pero esto no conlleva la consecuencia de convertir el extremo opuesto de dicha línea posterior en *frente* y convertir el *otro frente* en *línea lateral,* pues ésta, de acuerdo con el inciso 28, puede ser cualquier lado del solar *que no sea la línea de la calle* ni la *línea posterior* del solar. Y *línea de la calle,* según el inciso 26 de propio artículo 1, es "La línea divisoria entre la calle y el solar o predio adyacente." No podemos, por lo tanto, por el proceso de deducción utilizado por la recurrente, llegar a la conclusión de que como el dueño de un solar de esquina—que tiene *dos frentes*—puede escoger la *línea posterior* del solar (que es el punto de partida para la aplicación de otros artículos del Reglamento) puede, en consecuencia, escoger el *frente,* obteniendo así indirectamente lo que directamente el inciso 28 prohibe. Ni el *fondo* del solar, según se define en el inciso 18, ni la *línea posterior* del solar, según se define en el 27, son índices para determinar cuál es el frente del solar cuando éste hace esquina, sen-

cillamente porque esa posibilidad está excluída por efectos del inciso 28, que prohibe que la *línea de la calle, o frente,* sea *línea lateral.*

El Reglamento, en el inciso 3 del artículo 49, no permite que la continuidad de una franja de patio delantero se interrumpa por la existencia de un edificio en zona comercial adyacente. Esas disposiciones están en armonía con el propósito del estatuto. Autorizar la construcción del edificio de la recurrente hasta la línea de la calle derrotaría ese propósito. La zonificación, en su sentido de restricción estructural y de uso, es una expresión necesaria de la planificación urbana cuyo objetivo, en atención al superior interés público sobre la conveniencia individual, es el de obtener el más ordenado y eficaz desarrollo y crecimiento de las ciudades modernas. En ese sentido el reglamento de zonificación constituye una integración de medidas coordinadas para lograr dicho objetivo. Véase *Euclid* v. *Ambler Realty Co.,* 272 U.S. 365, 71 L. ed. 303; Yokley, *Zoning Law and Practice,* págs. 1, 10, 11 y 46 et seq.

La facultad que el inciso 27 da al dueño de un solar de esquina para escoger la *línea posterior* del solar, que es la *opuesta* a la *línea de la calle,* no tiene el alcance que le atribuye la recurrente, pues si la consecuencia de escoger la *línea posterior* fuera la de determinar el frente del solar, sería innecesaria la prohibición del inciso 28, y de hecho se vulneraría, en forma sustancial, el propósito y la finalidad de la ley. Es necesario fijar la *línea posterior de un solar,* como bien afirma la Junta, "para determinar lo que es un patio posterior en las zonas en que se requieren tales patios (artículos 20, 21, 24, 25, 28, 29, 32, 33, 34, 36, 37, 38, 41, 42, 46, 49, 50, 52 y 74 del Reglamento)."[2] No podemos convenir, pues, con la recurrente en que la Junta cometió los primeros dos errores al resolver, bajo las disposiciones

---

[2] Creemos innecesario transcribir las anteriores disposiciones del Reglamento.

950

del inciso 3 del artículo 49, que ella venía obligada a dejar en el frente de su solar que da a la Calle Aponte, el patio delantero correspondiente. Y estando aquí la recurrente impedida de atacar las conclusiones de hecho de la Junta, toda vez que, como dijimos antes, los hechos necesarios para sostener la resolución recurrida, lejos de ser impugnados, han sido aceptados y utilizados por la propia recurrente a través del procedimiento, procede desestimar el tercer error señalado.

*La resolución de la Junta será confirmada.*