Potter, C. M.
The defendant, Banco Realty & Finance Corporation, is charged with a misdemeanor, namely, with violating section 4-A of article II of the Zoning Resolution of the City of New York, in that the use to which the defendant’s building, No. 461 Forest Avenue, Staten Island, is being put, exceeds the purposes permitted by its certificate of occupancy. The authorized use is for a retail cleaning establishment dealing directly with its customers, as sanctioned by the zoning resolution.
*851 The premises in question are located in a retail district under the said zoning resolution. Plant operation in such a district is subject to certain rules of exclusion or restriction. However, dry cleaning establishments conforming to the plant and safety requirements under paragraph (53) of subdivision (a) of section 4 of the resolution are authorized to operate in a retail district, “provided [quoting the pertinent language of the resolution] such establishments are for retail purposes where services are performed directly for consumers ” (§ 4-A, subd. [a]).
The board of standards and appeals of the City of New York, pursuant to the zoning resolution, adopted rules, effective as of August 10,1955, governing the conduct of a dry cleaning business in a retail district. Subdivision 1.2 of rule 1 entitled “ Definitions ”, relevantly declares as follows: “ 1.2. For the purposes of Sections 4-A and 4-C of the Zoning Eesolution the terms 1 retail ’, ‘ retail purposes ’ and ‘ retail business ’ shall refer only to those dry cleaning establishments which perform services on articles conveyed directly by a retail customer to such dry cleaning establishment or collected directly from and delivered to the retail customer by any vehicle or any other means of effecting the same and such dry cleaning establishment directly processes such articles for such customer.”
There is no conflict of fact between the People and the defendant. The latter leased its premises to Taft Cleaners & Dyers, Inc., a New York corporation (hereinafter called Taft), there to conduct a retail dry cleaning business; and this the tenant sought to do. It uses the demised building as its central office and dry cleaning plant. In order to feed the plant, Taft runs fifteen small stores in various sections of Staten Island. In the trade, such stores are called “ drops ”. As such, they serve as local centers or depots for the collection of customers’ articles, which are picked up by Taft’s motor truck and brought to the central office and plant for cleaning and processing. The finished articles are thereafter returned to the “ drops ” for distribution to customers.
The People raise no question as to the defendant’s or its said tenant’s proper compliance with requirements under both zoning resolution and rules prescribing plant equipment and measures of safety. The People’s sole complaint is that though the premises may be used as a retail dry cleaning establishment, they may not, to any extent, be converted into a central cleaning plant to serve branch stores. That, urge the People, is beyond the orbit of the sanctioned use. In other words, the Taft plant may *852 not clean and process customers’ articles received from its dependent or tributary stores, and Taft must restrict its patronage to those who deal directly with it at its central office and plant. Under this contention, custom must begin and end there. Any other method of operation, the People maintain, would be indirect and mediate.
Since zoning laws and resolutions are in derogation of common-law rights, they must be strictly construed (Matter of 440 East 102d St. Corp. v. Murdock, 285 N. Y. 298,304). Furthermore, the purport of such laws and resolutions may not be extended by implication (Matter of Monument Garage Corp. v. Levy, 266 N. Y. 339). Moreover, such strict construction would especially apply where, as here, the terms of the resolution are penal in character. (N. Y. City Zoning Resolution, § 23; People v. Shakun, 251 N. Y. 107, 113-114; People v. Phyfe, 136 N. Y. 554, 559.)
The People point to “ directly ” as the key word in the provisions in question, and argue that it must receive a most literal and limited meaning.
Legislative language should be granted its normal and usual sense (Matter of Sherrill v. O’Brien, 188 N. Y. 185, 207). The ordinary meaning of “ direct ” is proximately” and “ not mediately, remotely, or collaterally ”. (Carter v. Carter Coal Co., 298 U. S. 238, 307.)
Does Taft, the defendant’s tenant, deal with customers collaterally and not proximately when they arrange for its service at its. neighborhood stores instead of at its central office and plant? The question is novel and affects a substantial number of retail dry cleaning establishments in the city of New York.
It appears to me that the People are confusing the area within which Taft may directly procure retail business with the zoning district within which it must directly perform the cleaning and processing operation. That operation, self-evidently, must take place at the plant itself, and nowhere else. Thus, that operation is restricted to the specific use district. However, the territory within which Taft may solicit and secure business is an entirely different matter. As to this, both resolution and rules are silent. Nothing is found therein which would restrict Taft exclusively to such retail business as it might receive or procure within the precincts of the office and plant or within the radius of the retail district wherein the office and plant are located. In brief, no express prohibition prevents Taft from going where-ever business calls or beckons, so long m it goes straight to *853 patrons for it. In this regard, it is of significance that subdivision 1.2 of rule 1 of the zoning rules affords Taft the right to receive or collect articles from customers for cleaning and processing, and thereafter to return the treated items, “ by any vehicle or any other means of effecting the same.” (Emphasis supplied.)
Since zoning resolution and rules do not expressly delimit, the area or territory within which Taft may directly seek and solicit retail trade, then no valid distinction may be drawn between business originating at its office or plant and custom derived from its branch stores. In either instance, no intervening or independent agency breaks or interrupts the continuity of relationship between Taft and its customers. The transactions between them are, thus, direct and not mediate.
Apparently, the zoning regulation that retail cleaning establishment and customer must deal directly with each other is prompted by the fear that such establishment, may, by indirection, expand into a wholesale enterprise within a retail use district. Such fear is not well grounded in the instant case.
Accordingly, upon this hearing, the complaint is dismissed and defendant discharged.