In the Matter of MONUMENT GARAGE CORPORATION, Respondent, against SAMUEL LEVY, as President of the Borough of Manhattan, Appellant.

(Argued January 16, 1935; decided February 26, 1935.)

*Paul Windels, Corporation Counsel* (*Paxton Blair* and *Seymour B. Quel* of counsel), for appellant. The building zone resolution applies to vacant land, and by apt language has declared open-air parking to be unlawful in a residence district. (*Rouse* v. *Catskill & N. Y. Steamboat Co.*, 59 Hun, 80; 133 N. Y. 679; *Matter of Cullinan*, 113 App. Div. 485; *Proctor Troy Properties Co.* v. *Dugan Stores, Inc.*, 191 App. Div. 685; *Matter of Vegenas* v. *Kelly*, 122 Misc. Rep. 800; *Matter of Empire City Racing Assn.* v. *City of Yonkers*, 132 Misc. Rep. 816; *Village of Euclid* v. *Ambler Realty Co.*, 272 U. S. 365; *People ex rel. Royal Bank of Canada* v. *Loughman*, 226 App. Div. 593; 254 N. Y. 512; *Matter of Jannicky*, 209 N. Y. 413; *Surace* v. *Danna*, 248 N. Y. 18; *People ex rel. Ventres* v. *Walsh*, 121 Misc. Rep. 494.) The permit to cut the curb on Fifty-ninth street being the first move toward launching

an illegal enterprise, the appellant ought not to have been required by mandamus to issue it. (*Matter of Dr. Bloom, Dentist, Inc.* v. *Cruise*, 259 N. Y. 358; *People ex rel. Sherwood* v. *Board of Canvassers*, 129 N. Y. 360; *Matter of Alzmann* v. *Maher*, 231 App. Div. 139.) The conduct of an open-air parking space is unlawful in a business district. (*O' Niel* v. *Buffalo Fire Ins. Co.*, 3 N. Y. 122.)

*Edwin DeT. Bechtel, Leslie D. Dawson* and *H. Henry Ramm* for Murray Hill Association, Inc., *amicus curiæ*. The use of land situated in a business district for open-air parking of more than five motor vehicles is unlawful under the building zone resolution. (*Hogan* v. *O'Brien*, 123 Misc. Rep. 865; 212 App. Div. 193; *Beach* v. *Jenkins*, 174 App. Div. 813.)

*Morris Wasserman* and *Sol. A. Herzog* for Metropolitan Garage Board of Trade, Inc., *amicus curiæ*. The building zone resolution prohibits, in a residence or in a business district, the use of vacant land for the storing of motor vehicles. (*People ex rel. Freligh* v. *Matsell*, 94 N. Y. 179; *People* v. *McGloine*, 91 N. Y. 250; *Baxter* v. *York Realty Co.*, 128 App. Div. 79; 198 N. Y. 521; *Freeman* v. *Freeman*, 126 App. Div. 601; *Matter of New York & Brooklyn Bridge*, 72 N. Y. 527; *Rouse* v. *Catskill & New York Steamboat Co.*, 59 Hun, 80; 133 N. Y. 679; *Proctor Troy Properties Co.* v. *Dugan Stores, Inc.*, 191 App. Div. 685; *Matter of Cullinan*, 113 App. Div. 485.)

*Max Shlivek* and *Charles L. Fleece* for respondent. Mandamus will lie to compel the issuance of a permit when the refusal is unreasonable or arbitrary. (*Matter of Ormsby* v. *Bell*, 218 N. Y. 212; *People ex rel. E. C. T. Club* v. *State R. Comm.*, 190 N. Y. 31; *People ex rel. Lodes* v. *Dept. of Health*, 189 N. Y. 187; *Message Photo Play Co.* v. *Bell*, 179 App. Div. 13; *People ex rel. Rota* v. *Baker*, 136 App. Div. 7; *People ex rel. Hultman* v. *Gil-*

*christ,* 114 Misc. Rep. 652; 196 App. Div. 964; 232 N. Y. 598.) The intended use of the vacant land by petitioner does not violate the building zone resolution. (*Matter of Multiplex Garages, Inc.,* v. *Walsh,* 213 App. Div. 155; 241 N. Y. 527; *Woollcott* v. *Shubert,* 217 N. Y. 212; *Apex Leasing Co.* v. *Litke,* 173 App. Div. 323; 225 N. Y. 625; *Bartsch* v. *Ragonetti,* 123 Misc. Rep. 903; 214 App. Div. 799; *N. J. Zinc Co.* v. *Franklinite Co.,* 13 N. J. Eq. 322; *Winlock* v. *State,* 121 Ind. 531; *Merchants' Building Imp. Co.* v. *Chicago Exchange Bldg. Co.,* 210 Ill. 26; *Matter of Van Auken* v. *Kimmey,* 141 Misc. Rep. 105; *Rau* v. *Westchester,* 55 N. Y. Supp. 459; *Proctor Troy Properties, Inc.,* v. *Dugan Stores, Inc.,* 181 N. Y. Supp. 786.)

*William B. Symmes, Jr.,* and *Harold L. Herrick* for Alurion Realty Corporation, *amicus curiæ.* The word " storage " in the building zone resolution does not mean " parking." (*Matter of Kaufman,* 131 N. Y. 620; *Tompkins* v. *Hunter,* 149 N. Y. 117; *Cooper-Snell Co.* v. *State,* 230 N. Y. 249; *McCluskey* v. *Cromwell,* 11 N. Y. 593.) The provision of the building zone resolution in question being in derogation of the property owner's common law rights must be strictly construed. (*Woollcott* v. *Shubert,* 217 N. Y. 212; *Matter of Multiplex Garages, Inc.,* v. *Walsh,* 213 App. Div. 155; 241 N. Y. 527; *Transit Comm.* v. *Long Island R. R. Co.,* 253 N. Y. 345; *Jones* v. *City of Albany,* 151 N. Y. 223; *Tompkins* v. *Hunter,* 149 N. Y. 117; *Dean* v. *M. E. R. Co.,* 119 N. Y. 540; *Hayes* v. *Davidson,* 98 N. Y. 19; *Bertles* v. *Nunan,* 92 N. Y. 152; *Taylor* v. *Mayor,* 82 N. Y. 10.)

LEHMAN, J. The Monument Garage Corporation is the lessor of a vacant plot of land approximately 200 feet in depth and abutting on both Fifty-ninth street and Fifty-eighth street in the borough of Manhattan. An application to the President of the borough for a permit to lower the curb for the purpose of providing a carriage-

way across the sidewalk of both streets was rejected. Alleging that the rejection was arbitrary and illegal, the applicant asked a mandamus order to compel the President of the borough to issue the permit. A final order has been granted after all disputed questions of fact have been resolved in favor of the applicant upon the trial of an alternative mandamus order.

The applicant intends to conduct upon its land the business of "parking" motor vehicles. It seeks the permit for the purpose of providing a means of access for such motor vehicles to the land. The Borough President urges that such use of the land would constitute a violation of the Zoning Ordinance of the city of New York. A refusal by a public officer to issue a permit which is intended solely to promote an illegal purpose, detrimental to the public, cannot be regarded as an arbitrary act. (*Matter of Dr. Bloom, Dentist, Inc.,* v. *Cruise,* 259 N. Y. 358.) The question of law here presented is whether the use by the applicant of his land as a "parking space" for automobiles is prohibited by the Zoning Ordinance.

The portion of the applicant's land which abuts upon West Fifty-eighth street is in a business district, while the portion of the applicant's premises which fronts upon West Fifty-ninth street is in a residence district. The Zoning Resolution provides that "in a business district no building or premises shall be used, and no building shall be erected which is arranged, intended or designed to be used, for any of the following specified trades, industries or uses" (See New York Code of Ordinances, Appendix B, § 4). There trades, industries and uses not specifically prohibited are permitted. Subdivision 15 of that section prohibits the use of building or premises for storage of more than five motor vehicles. Concededly no other subdivision could be construed as a prohibition of the use of premises for a parking space. There is a substantial distinction, clearly cognizable, between the mean-

ing of " storage " and " parking." One has a certain degree of permanency, while the other connotes transience. The Zoning Ordinance is in derogation of common law rights to the use of private property. Its provisions should not be extended by implication. Consequently the prohibition of the use of a building or premises for storage of more than five motor vehicles does not include the use of premises as a place for " parking;" *i. e.*, a place for the " standing " of a vehicle, " unattended by a person capable of operating it." .(Cf. Vehicle & Traffic Law, § 2, subds. 20 and 21; Cons. Laws, ch. 71.) The use for a parking space of that portion of the petitioner's premises within a business district is lawful and the petitioner has a clear legal right to demand a permit to lower the curb on Fifty-eighth street. So we have decided in *Matter of Smith* v. *Levy* (264 N. Y. 575).

The question still remains open whether land may be used for the parking of motor vehicles in a residence district. While in a business· district there is no prohibition against the use of buildings or premises except for specified trades, industries or uses, in a residence district there is a prohibition against the use of· buildings or premises for any use other than specified in the Zoning Resolution. By no possible construction do any of the specified uses permitted in the residence districts include commercial parking of automobiles. The argument is advanced, however, that the ordinance does not apply to vacant land. The word " premises " has a broad significance. We may not disregard it. The intent that the Zoning Resolution should apply to every use, whether of buildings or land, in a " use district," clearly appears from the express terms of the resolution, and is instinct in many of its separate clauses. Here there is no room for construction. The ordinance must be applied in accordance with its letter and spirit. The use of the applicant's land within the residence district and abutting on Fifty-ninth street for parking space is illegal, and

permit for lowering the curb on Fifty-ninth street was properly refused.

The orders should be modified in accordance with this opinion and as so modified affirmed, without costs.

CRANE, Ch. J., O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur; FINCH, J., not sitting.

Ordered accordingly.