Marcus G. Christ, J.
The plaintiff village seeks to permanently enjoin the defendants from using property located on Middle Neck Boad in said village for the storage of vehicles in violation of the village ordinances.
The defendant 435 Middle Neck Corp. is the owner of the property located as the name implies at 435 Middle Neck Boad. The parcel is occupied at one end by a building used as an automobile sales agency, service station and as a gasoline station. The remainder of the parcel is unimproved and extends approximately 200 feet along Middle Neck Boad. The defendant Green Ford Sales Inc. is the tenant of the whole parcel and there conducts a Ford sales agency and automobile service station. The building has been up since 1938. It was then used for the sale of automobiles and servicing of cars but the use was discontinued. In 1947 the present owner acquired the premises and then the automobile sales and service business *357 was resumed. The village does not oppose any use to which the building is presently put and does not oppose the use of the vacant land for the parking of automobiles driven in and awaiting service or when service has been completed, nor cars used for the transportation of people either employed or doing business at the building. The lot, however, is fairly well filled to capacity with new automobiles, varying in number from 60 to 80, including some trucks that come directly from the factory and are placed upon the lot awaiting their sale to customers of the business. These cars constitute a steady and continuing block of automobiles remaining on the lot day and night, day in and day out. Some cars move out quickly if sold but others remain for months on end. This block of cars is constantly on the property although the cars which make it up change from time to time. This the village contends is a storage of automobiles prohibited by the ordinance and is not parking in the accepted and legal use of the term. The defendants contend that what is being done is, in fact, parking and that they have the right to do this by the language of the ordinance controlling. They say further that if the ordinance were construed to restrict this practice it would be unconstitutional.
The present ordinance prohibits parking and storage of cars on vacant lots. But the defendants were using this lot for parking before the change and they have the right as a nonconforming use to continue the parking. In fact, such use was confirmed in a decision made heretofore in a previous proceeding brought by the village against the defendant 435 Middle Neck Corp. and its then tenant. After trial the complaint was dismissed by Mr. Justice Hill of this court upon the ground that the land was not used for storage, display or sale as interdicted by the zoning ordinance but merely was used as a parking lot.
There must now be determined the question as to whether the proofs before us in this action establish the storage, display or sale of the cars. The cars which are brought here are not used primarily for display or sale when on the lot. Occasionally one may be shown but since they are rough just as they come from the factory they are usually not shown. That leaves us with the question whether the use is one of storage. The court finds that it is. When automobiles are left for months on end at a given place, there can be no doubt that they are stored and not parked. Parking is of short duration and measured by hours or at most by a day or two. It has in it the element of an automobile in use, being temporarily placed until it is about to be again put into service and use. The cars *358 which have, been upon the lot and about which the complaint is concerned are not cars ready for the road. They are not licensed for the road, they are not cleaned, greased and oiled for the road nor are they equipped for the road. The use of the lot for these cars is not parking but storage, storage awaiting the time when they will be withdrawn for sale and delivery. ‘ ‘ There is a substantial distinction, clearly cognizable, between the meaning of ‘ storage ’ and ‘ parking. ’ One has a certain degree of permanency, while the other denotes transience.” (Matter of Monument Garage Corp. v. Levy, 266 N. Y. 339, 343-344.)
The defendants assert that even though this be a storage prohibited now under the ordinance, that they have been doing it since 1947 and may continue the practice. This is not so for this use, if prohibited at its inception, cannot ripen into a right. To gain a nonconforming use right, such use must have been permitted and legal when it started, then subsequent prohibitions become of no avail but the use when in its beginning violates the law does not by mere continuance achieve validity.
There is left the question whether the use made of the adjoining lot, namely the storing of new automobiles for long periods of time is such an incidental or accessory use as would come within the permission of the ordinance.
Section 75.32 of the ordinance provides: “ In connection with any of the aforesaid permitted uses, incidental uses as set forth in this section are hereby permitted.” And section 104.3: 1 ‘ Accessory building or use is a subordinate building or use customarily incident to and located on the same lot occupied by the main building or use.”
The court is of the view that storage of new cars as carried on by defendants is not a use accessory or incidental to the principal use.
It is true that the automobiles are sold through the activities carried on from the building. This business may be operated without open storage on the adjacent lot. It may be convenient to have all the stockpile of cars near at hand but it is not an incident of the selling. Adequate models for display are needed and these are housed in the building where they are shown to customers. The manufacture of cars, the assembling of parts, the transportation and the storage before delivery are in one sense all incidental to selling, for without these processes there could be no selling. Thus, it may be reasoned that cars could be manufactured or assembled upon the open lot as incidental uses but the fair intendment of the ordinance may not.be so far extended. Manufacturing, assembling, transporting, storing *359 and selling are all phases of a single industry but they are separate and independent operations when interpreting a zoning ordinance, particularly, when the ordinance specifically mentions storage as does the one of the plaintiff village. Incidental or accessory use does not include the mass and long storage of automobiles carried on by these defendants. The proof does not support the claim that this storage of cars for sale on the same property is customarily incidental and subordinate to the principal use of selling.
This regulation is reasonable and founded in the substantial differences between use as storage and a use for parking. The ordinance when so applied is not unconstitutional.
This constitutes the decision of the court pursuant to section 440 of the Civil Practice Act.
Judgment for plaintiff in accordance with the prayer of the complaint and this opinion.
Settle judgment on notice.