Rabin, P. J., Hopkins, Munder, Martuscello and Benjamin, JJ., concur.

In the Matter of Robert W. (Anonymous), Petitioner, v. John A. Gallucci, as County Judge of Rockland County, Respondent.—

Rabin, P. J., Hopkins, Munder, Martuscello and Benjamin, JJ., concur.

Anna Astarita et al., Appellants, v. Frank Mirabello, Respondent.—

Rabin, P. J., Hopkins, Munder, Martuscello and Shapiro, JJ., concur.

In the Matter of Jack Alter et al., Appellants, v. Benjamin Altman, as Commissioner of the Department of Rent and Housing Maintenance, et al., Respondents.—

No opinion. Munder, Acting P. J., Shapiro, Gulotta and Benjamin, JJ., concur; Martuscello, J., dissents in part and votes to annul so much of the determination as granted an increase in garage rentals, with the following memorandum: I find it unfair that the result of this determination permits the landlord to charge tenants $46 a month for garage space and non-tenants $40. Such an inconsistency should not be permitted. The solution is to permit garage rental increases to be granted only by the Bureau of Consumer Affairs rather than by the Commissioner of the Department of Rent and Housing Maintenance, as in the case at bar. Such procedure would prevent the inequity which arose in the case at bar.

In the Matter of Off Shore Rest. Corp., Respondent, v. David Linden, as Building Commissioner of the City of Long Beach, et al., Appellants.— In

Martuscello, Acting P. J., Christ and Benjamin, JJ., concur; Gulotta, J., dissents and votes to reverse the judgment, dismiss the proceeding and to confirm the determination of the appellant Board of Appeals, with the following memorandum, in which Latham, J., concurs: Petitioner, the purchaser of a building containing an apartment in the rear and a store which was formerly operated as a delicatessen-restaurant seating 62 people, seeks to convert the premises, by means of nonstructural alterations, to a restaurant and cocktail lounge having a seating capacity of 85 people and a bar which can accommodate 15 people. Both the prior and contemplated uses are permitted in the business zone in which the building is located. However, the property does not have, nor is it feasible to provide, off-street parking facilities as required by the Municipal Code of the City of Long Beach for both of these uses (Long Beach Municipal Code, § 9–113, subds. [18], [22]; § 9–113.1). It is conceded that a vested right to operate the delicatessen-restaurant with a seating capacity of 62 people existed by virtue of the fact that the use pre-existed the enactment of the off-street parking requirements. Petitioner's application for a building permit to perform the alterations was denied by the building commissioner upon the ground, albeit not formally stated, that the premises did not comply with off-street parking requirements. Petitioner appealed to the appellant Board of Appeals from the denial and also, in the alternative, applied to the board for a waiver of the off-street parking requirements. By resolution of June 25, 1970, made after a public hearing, the board denied the application for a variance. Although no specific reference was made thereto in the resolution, we may assume, as did the Special Term herein, that the board's determination constituted an implicit affirmation of the denial of the building permit and a finding that the contemplated use was subject to the requirements for off-street parking. Special Term annulled the determination of the board and directed issuance of the building permit on the ground that under the terms of the zoning provisions of the Municipal Code the requirements for off-street parking were not applicable to petitioner's building. The analysis of this appeal may begin with an acknowledgment that the owner of the delicatessen-restaurant enjoyed a vested right to operate its business without off-street parking by virtue of the fact that the use was in operation prior to the enactment of the requirements for off-street parking and that this right enured to the petitioner. The precise issue here is whether this right may be extended to the operation of restaurant and cocktail lounge with a seating capacity of 85 people and a bar accommodating 15 people which will place a greater burden, with respect to parking, upon the surrounding neighborhood. We think that it may not. The principle is well-settled that a nonconforming use may not be enlarged as a matter of right (*Matter of Crossroads Recreation* v. *Broz*, 4 N Y 2d 39, 42). This principle is in conformity with the policy of zoning which embraces the concept of the ultimate elimination of nonconforming uses (2 Rathkopf, Law of Zoning and Planning, p. 59–2). While this case does not involve the usual physical enlargement of a nonconforming use, we find the contemplated intensification of the violation of the off-street requirements to be indistinguishable therefrom, since the evil which is sought to be avoided is precisely the same. We emphasize that our dissent is not intended to impugn the fact that petitioner's vested right will attach to any permissible use which will not increase the degree to which the off-street parking requirements of the Municipal Code

are violated. In view of the fact that petitioner already had a vested right to dispense with off-street parking requirements to the extent enjoyed by the previous owner, the precise nature of the variance sought herein was for a waiver of off-street parking insofar as petitioner's requirements exceeded the prior use. We are of the opinion that the application for this variance was properly denied. Substantial evidence was adduced at the hearing to support the board's findings that the street upon which the premises front is a heavily traveled, congested thoroughfare; that the surrounding area is residential; that a granting of the variance would increase the traffic congestion and parking problems on the surrounding streets; and that the overall effect would be detrimental and hazardous to the neighboring residents. The propriety of this denial is reinforced by the fact that the application constituted a request to enlarge and intensify a nonconforming use and because the denial was in conformity with a strongly expressed policy within the Municipal Code for the establishment of off-street parking. Petitioner made no showing that the property could not yield a reasonable return if devoted to a use which did not exceed the limits of its vested right. We note that this case is distinguishable from *Matter of Overhill Bldg. Co.* v. *Delany* (35 A D 2d 1012) wherein this court affirmed a judgment which annulled a determination denying an application for a partial waiver of off-street parking requirements. In that case we found that the board's findings were not supported by substantial evidence and, further, that a granting of the variance would not be inconsistent with the policy and spirit of the zoning ordinance. In annulling the determination herein, Special Term held that by the terms of section 9-108 of the Municipal Code of the City of Long Beach petitioner's property constituted a " non-conforming building " erected prior to the enactment of the off-street parking requirements which, so long as it was not structurally altered, could be employed for any permissible use with complete immunity from the off-street parking requirements. We do not agree with this construction of the ordinance. Section 9-108 provides, in part: " Section 9-108. Existing Non-Conforming Uses. The limitations of this article *shall not apply to any building or structure legally existing at the time of its passage,* nor to the continuance of the same existing use of any such building or structure, but they shall apply to any addition or structural alteration of a building to prevent its construction or use for a purpose permitted in a less restricted district classification " (emphasis added). It may be observed that section 9-108 does not constitute a restriction which is in derogation of common-law rights to the use of private property, but is actually an articulation of the common law vested rights of the owners of property pre-existing the enactment of the ordinance. Under the circumstances we are not constrained to construe the section in an overly strict manner but instead may be guided by the primary rule that the intent of the legislative body is to be given effect (see *Matter of Astman* v. *Kelly,* 2 N Y 2d 567, 572; cf. *Matter of Monument Garage Corp.* v. *Levy,* 266 N. Y. 339, 344). In our opinion, in view of the policies expressed in the zoning provisions of the Code and from a reasonable interpretation of the terms of section 9-108, that section merely represents an attempt, in setting forth the common-law rights of the possessor of a vested right, to recognize the distinction between a true nonconforming use and a nonconforming structure (see *Amzalak* v. *Incorporated Vil. of Valley Stream,* 220 N. Y. S. 2d 113). Thus, the section provides, not only that a nonconforming use may continue notwithstanding the restrictions of the code, but that a structure which, because of its physical characteristics, is in violation of the code, may continue in existence, not by virtue of the use to which it is being put, but merely because it was built prior to the enactment of the zoning restrictions.

However, this by no means has the effect of permitting the owner of such a building to carry on a use therein which he does not have a vested right to continue. We find no intent expressed in the section to divest the municipality of the power to regulate and limit a vested right which is essentially ancillary to the ownership of such a building, or to grant the owner a total immunity from such regulation (see *Matter of Crossroads Recreation* v. *Broz*, 4 N Y 2d 39, *supra*; *Matter of Harbison* v. *City of Buffalo*, 4 N Y 2d 553, 559). Carried to its logical conclusion, the effect of the construction urged herein by petitioner would be to permit it to operate any permissible use in this building no matter how burdensome to the parking situation in the surrounding area. The Municipal Code evinces a strong policy in favor of the establishment of off-street parking facilities and of the regulation of such facilities already in existence (Long Beach Municipal Code, §§ 9–113; 9–113.1 *et seq.*). We find that the provisions of section 9–108 do not have the effect of thwarting this intent. We believe that the code does not vest in petitioner rights greater than it has at common law. We are, moreover, of the opinion that the zoning provisions of the Municipal Code are directly applicable to the petitioner's property. Section 9–113 thereof provides that off-street parking facilities are to be provided, not only for buildings to be altered or erected, but also in connection with an increase by units or dimensions of any building. In the context of the code an increase in units encompasses an increase in seating capacity (see Long Beach Municipal Code, § 9–113, subd. [18]). Section 9–113.1 states that additional parking facilities must be provided whenever an increase of at least 15% in required off-street parking results from a change in the lawful use of the premises or from a change in any unit of measurement specified in section 9–113. Clearly, the increase in seating capacity contemplated by petitioner is within the purview of section 9–113.1.