**The STATE of Delaware**

v.

**Lawrence MERGENTHALER.**

Superior Court of Delaware,
New Castle.

July 20, 1971.

James W. Garvin, Jr., Deputy Atty. Gen., Wilmington, for the State.

Donald W. Booker, Wilmington, for defendant.

## OPINION

O'HORA, Judge.

The above matter was heard by the Court without a jury. The defendant herein has been charged with a violation of the Zoning Code of New Castle County, Article VI, § 2(25), which provides that in a C–2 Zoning District certain business uses may be made of the property "excluding open storage of motor vehicles". The facts developed at the hearing indicated that the defendant is operating a business which includes the parking of school buses on a lot leased by him, which lot is in the C–2 classification.

The State contends that the parking of buses on such lot is in violation of the provisions of the Zoning Code; the defendant arguing that the parking of buses is not prohibited by the Zoning Code and, therefore, permitted. There being little or no dispute relative to the facts in this instance the problem is one of statutory construction as to whether or not a violation technically exists.

It is to be noted that under the C–1 classification of the Zoning Code (Article VI, § 1(18)) "parking, off street" is a permitted use. Furthermore, under the C–3 classification (Article VI, § 3(8)) "parking lot, commercial" is permitted.

It is defendant's contention that since C–1 permits "parking", generally, that it would be permissible to park buses on a C–2 lot inasmuch as only "open storage of motor vehicles" is prohibited thereunder. However, it should be further noted that under the C–3 category "parking lot, commercial" is permitted. The problem would thus seem to be as to what is intended by the language "parking, off street" under C–1, as contrasted with the language "parking lot, commercial" in the C–3 category as they relate to the prohibition against "open storage of motor vehicles" under the C–2 category.

The Zoning Code itself defines "parking lot, commercial" as "an area used for the storage or parking of automobiles, not including mobile dwelling units, for any period of time or operated for gain". This definition would thus appear to limit the usage permitted to "automobiles". Since each of the zoning classifications from 1 through 3 is progressively more permissible in terms of usage, it follows that if the use under C–3 is limited to "automobiles" then a more permissive use could hardly have been intended under the C–1 or C–2 classifications.

While a bus is clearly an "automobile" under broad definition, the description "automobile" when used statutorily must be defined in terms of its context and having in view the object and purpose of the statute in which it is found.

The Court concludes, therefore, that with respect to the provisions referred to under all three classifications of C–1, C–2 and C–3, the language at most is intended to permit the parking of "automobiles" in its restrictive sense but does not include or permit the parking of buses.

The defendant argues further that there is an additional basis for a finding that he has not violated the provisions of

C–2 zoning. This argument relates to the fact that under the C–2 category, for that matter in all residential and commercial categories, schools are permitted. Defendant argues that the parking of school buses is an accessory use in connection with the operation of schools and, therefore, is permitted. This argument is not persuasive. The parking of school buses on school property would obviously be an accessory use. However, the parking of school buses at some point distant from any school and as a part of a commercial operation for an independent businessman as the situation here presents, is an entirely different matter and can hardly be looked upon as "accessory" to the operation of the school.

For the reasons herein stated, the Court concludes that the defendant has, in fact, violated the provisions of the Zoning Code as charged. He should be adjudged guilty.

It is so ordered.

Sentence disposition in this case will be scheduled after consultation with counsel.