**Lawrence MERGENTHALER, Defendant Below, Appellant,**

v.

**The STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

May 10, 1972.

Donald W. Booker, of Booker, Leshem, Green & Shaffer, Wilmington, for defendant below, appellant.

James W. Garvin, Jr., Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice.

The appellant, Lawrence Mergenthaler, was found guilty in a non-jury trial in Superior Court, 281 A.2d 507, of violating the zoning code of New Castle County. He has appealed.

The appellant operates a number of school buses serving a school in New Castle County. When the buses are not in operation, they are kept on a lot located at the intersection of the Kirkwood Highway and Evelyn Drive, apparently not far from the school. The lot is zoned C–2; it was formerly used for a gasoline station. The appellant contends that his use of the lot is permissible in a C–2 zone. The State contends to the contrary, and argues that this type of operation falls within classification C–3, M–1 or M–2.

Property in a C–2 district is permitted to be used for any purpose authorized for a C–1 district. "Parking, off-street," is allowed both in C–1 and C–2 districts. Appellant contends that this use appropriately described his occupation of the lot. The State, on the other hand, argues that appellant's operation really is open storage of the buses, which comes within that part of the M–1 classification reading as follows:

"(7) a public utility substation, including open storage of material, trucks or repair facilities; and

"(8) (c) open storage of building supplies, contractors' equipment or crated and baled material in connection with a wholesale establishment; but not includ-

ing the open storage of junk, such as scrap metals or other scrap materials, as *automobiles or other vehicles* or machinery intended for dismantling or demolition". (emphasis supplied)

■ The basic question is whether appellant's property is correctly described as a parking lot or open storage of automobiles or other vehicles. In determining this question, we must keep in mind that zoning laws are to be interpreted in favor of the occupants of the land. 1 Rathkopf on Zoning and Planning 8.1; 2 Anderson, American Law of Zoning, § 12.02.

The zoning law for New Castle County contains a provision that words not defined in the act shall have the meaning given in Webster's Unabridged Dictionary. There we find these definitions:

(1) *Parking lot*: an outdoor lot for the parking of motor vehicles;

(2) *Park*: to leave temporarily . . in an open space assigned or maintained for occupancy by automobiles; to leave (a vehicle) in an accessible place;

(3) *Storage*: the act of storing or state of being stored;

(4) *Store*: to leave or deposit in a . . . place for keeping, preservation, or disposal;

(5) *Automobile*: a usually 4-wheeled automotive vehicle designed for passenger transportation on streets and roadways and commonly propelled by an internal combustion engine using a volatile fuel;

(6) *Bus*: a large motor-driven vehicle designed to carry passengers usually according to a schedule along a fixed route but sometimes under charter for a special trip; any vehicle either publicly owned or privately owned and operated for compensation used for transporting children to or from school.

A bus is of course one type of automobile. Nothing in Webster's definition of "parking lot" or "park" excludes buses. Webster's definition of the words "store" and "storage" is not particularly helpful. We do obtain some guidance from the reported cases. In Service Realty Corp. v. Planning and Zoning Board of Appeals, 141 Conn. 632, 109 A.2d 256 (1954), it was held that *storage* of automobiles is distinguished from *parking,* in that one implies a certain degree of permanency, while the other connotes transience. It was then held that the Board had no power to limit the extent of a parking area connected with an automobile sales agency and garage despite the language, "subject to such limitations on outside storage . . . as the Board may prescribe." The same comparison of the terms "storage" and "parking" is found in State v. Breidenbach, 5 Ohio App.2d 52, 213 N.E.2d 745 (1964) and Incorporated Village of Great Neck v. Green, 8 Misc.2d 356, 166 N.Y.S.2d 219 (1957). The New York case is not comparable to the present one because the lot was used for new cars which were not on display, not licensed and not ready for use; some would remain unmoved on the lot for months at a time. This was held to be storage rather than parking. The Court pointed out that parking is of short duration, has in it the element of an automobile in use, being temporarily in place until it is about to be again used. The situation here is similar; the buses are used whenever school is in session; they are also used for charter trips by various school and church groups.

■ In the absence of any other expressed provision in the Code for school buses, it must be assumed that the drafters intended school buses to be included with "automobiles." We cannot assume that they were omitted from the Code intentionally or inadvertently; nor will we assume that the drafters intended school buses to be parked far from the areas they serve, thus contributing to additional costs and traffic movement.

We hold that appellant's use of this lot is parking rather than storage; that it

falls within Art. VI, § 1(18), "Parking, off-street," which is within a C–1 district. The appellant has therefore not been shown to have committed a violation of the regulations.

The judgment below will accordingly be reversed with a direction to enter a judgment of not guilty.