John HILL et al., Appellants,

v.

Jay T. LINER, Jr., Appellee.

No. 8898.

District of Columbia Court of Appeals.

Submitted Feb. 13, 1975.

Decided April 14, 1975.

Emmett G. Sullivan, Washington, D. C., was on the brief for appellants.

No appearance for appellee.

Before REILLY, Chief Judge, HARRIS, Associate Judge, and PAIR, Associate Judge, Retired.

PAIR, Associate Judge, Retired:

This appeal by the property manager of an apartment complex and his employer questions the propriety of a judgment for money damages awarded appellee, a tenant, for loss of his automobile after it was towed from a parking area.

There is no substantial dispute as to the facts. Sometime in 1970 appellee was given permission to park his automobile on a vacant lot at the rear of the apartment complex. The lot was maintained by appellants for the convenience of the tenants and no fee was charged for parking their automobiles. In March, 1971, appellee purchased, for $750, a 1966 Volkswagen automobile for which he obtained a 1971 District of Columbia registration and license tags.

Appellee commenced, immediately, to park his automobile in the parking area provided by the appellants. Appellee did not obtain, subsequent to the expiration of the 1971 license year, license tags for the Volkswagen, and since it could not have been lawfully operated without current license tags, the automobile, no doubt, remained continuously in the parking area until the acts complained of occurred.

During a routine inspection tour on April 29, 1974, the property manager of the apartment complex observed in the parking area a number of apparently abandoned automobiles, including the Volkswagen. Appellant observed no indicia of ownership on the Volkswagen—it had no windshield, one headlight was broken, one tire was flat and inside the vehicle was a collection of debris.

Upon inquiry of the resident manager, the property manager was informed that the Volkswagen had been in that condition for some time and that its owner was not known. On May 1, 1974, appellant arranged to have the Volkswagen and other automobiles in the parking area, believed to have been abandoned, towed to the yard of a wrecking establishment in Virginia.

Discovering that his Volkswagen was missing from the parking area, appellee, upon inquiry of the resident manager of the apartment complex, was informed that the automobile with others had been removed, as abandoned, by a Virginia wrecking establishment. Appellee was informed further that to obtain the return of the automobile it would be necessary to pay a towing fee of $25 each way and a storage fee of $2 a day.

Several days later appellee complained against appellants in the Small Claims and Conciliation Branch of the Superior Court, demanding damages in the sum of $131, representing the cost of towing the automobile to and from Virginia, storage fees and loss of earnings.

At the trial appellee conceded that he made no effort to obtain the return of his automobile which he valued at $500. At the conclusion of the trial, the court found the facts to be substantially as outlined above. Determining from these facts that a relationship of bailor and bailee existed between appellee and appellants, the court entered judgment for the appellee in the sum of $400, supposedly representing the reasonable value of the automobile when towed from the parking area.

■ We find it difficult to find from these facts the existence of a bailment. In the first place, there is no evidence whatsoever that possession and control of the Volkswagen ever passed to the appellants.

*See* 1420 Park Road Parking, Inc. v. Consolidated Mutual Insurance Company, D. C.Mun.App., 168 A.2d 900 (1961). *Compare* Sarbov Parking Corporation v. Motors Insurance Corporation, D.C.App., 255 A.2d 112 (1969).

 Moreover, appellee was given permission to park his automobile on appellants' lot, not to store it. There is a legal distinction between parking an automobile and storing an automobile. *See* Incorporated Village of Great Neck v. Green, 8 Misc.2d 356, 166 N.Y.S.2d 219 (Sup.Ct. 1957); Monument Garage Corp. v. Levy, 266 N.Y. 339, 194 N.E. 848 (1935). We hold therefore that appellee's automobile, standing unused and in a dilapidated condition for many months, was in legal contemplation stored rather than parked. Consequently, appellee's use of the parking area clearly exceeded the scope of the permission granted by the appellants, from which it must follow that no bailment could have existed when the automobile was towed away. 1420 Park Road Parking, Inc. v. Consolidated Mutual Insurance Company, *supra.*

The trial court was of the opinion that the appellants were negligent in not having a sign posted which warned that illegally parked cars would be towed away, and in not making an effort to determine who owned the Volkswagen before having it removed.

With respect to the issue of negligence, we hold that appellants' actions were, in this factual context, reasonable. In view of the condition of the automobile and the fact that it had been standing in the condition described for a long period of time, we are satisfied that appellants could have reasonably concluded that the automobile was either abandoned or parked without a legal right.

But if under any theory it could be said that appellants were negligent, appellee was, on this record, clearly guilty of contributory negligence as a matter of law. Moreover, appellee was also derelict in that he made no effort to obtain the return of his automobile or to otherwise minimize the damages.[1] As the court made clear in W. B. Moses & Sons v. Lockwood, 54 App.D.C. 115, 120, 295 F. 936, 941 (1924):

> Damages which may be avoided by doing what an ordinarily prudent man would do are not the direct or natural consequence of the defendant's wrong, since it is plaintiff's option to suffer them. In such a situation the plaintiff is damaged, not by the defendant's act, but his own negligence or indifference to consequences. . . . (Citations omitted.)

Thus, we cannot permit the judgment to stand.

Reversed and remanded with directions to enter judgment for appellants.

---

[1] We note that the trial court ignored pertinent factors in determining damages. *See* Sawyer v. Monarch Cab Company, D.C.Mun. App., 164 A.2d 340, 341–42 (1960).