CRANDALL, P.J., and CRIST, J., concur.

ST. LOUIS COUNTY, State of Missouri, Respondent,

v.

Eberhard PFITZNER and Anita Pfitzner, Appellants.

No. 46379.

Missouri Court of Appeals, Eastern District, Division Three.

June 21, 1983.

Motion For Rehearing and/or Transfer to Supreme Court Denied Aug. 29, 1983.

Application to Transfer Denied Oct. 18, 1983.

Patrick O. Boyle, St. Louis, for appellants.

Thomas W. Wehrle, St. Louis County Counselor, Clayton, for respondent.

REINHARD, Judge.

Defendants appeal from an adverse judgment enjoining them from placing or towing damaged or wrecked vehicles onto a vacant lot which they owned adjoining their auto body repair shop.

The case was tried on stipulated facts. The defendants, Eberhard and Anita Pfitzner, own two parcels of land. One parcel is known as 9730 Halls Ferry, which the Pfitzners acquired in August of 1967. They run an auto body repair shop on this parcel which is a non-conforming use of the property under § 1003.170, St. Louis County Revised Ordinance (SLCRO), 1974, as amended. The second parcel of land is adjacent to 9730 Halls Ferry and is known as 9738 Halls Ferry Road, which the Pfitzners acquired in 1979. This parcel of land is divided into three zoning districts, C–2, R–4 and FP (Flood Plain). The defendants used the part of the property zoned FP for placing disabled cars awaiting repair at their body shop. The maximum length of time the cars remained on the lot was three days.

In November, 1980, the St. Louis County Circuit Court issued a temporary injunction against defendants preventing the placement of damaged or wrecked vehicles on the property at 9738 Halls Ferry Road because it was not a permitted use of the property and because it constituted an expansion of a non-conforming use at 9730 Halls Ferry. Subsequently, a permanent injunction was granted.

Section 1003.101.2(5), SLCRO, permits areas zoned "FP" (Flood Plain) to be used for "Off-street parking areas for automobiles." In addition, § 1003.170.2(4)(d) provides that "non-conforming use of land shall not be enlarged, extended or altered ... except to provide off-street parking or loading space ...."

Defendants assert their use of the property constitutes parking and is there-

fore a permissible use of the property. St. Louis County contends their use of the property constitutes storage and not parking. Our duty in determining the meaning of an ordinance pertaining to zoning is to, "ascertain the intentions of the lawmakers by giving the words used their ordinary meaning, by considering the entire act and its purposes, and by seeking to avoid unjust, absurd, unreasonable, confiscatory or oppressive results." *Suburbia Gardens Nursery v. County of St. Louis,* 377 S.W.2d 266, 271 (Mo. banc 1964). The zoning ordinance itself offers little guidance. "Off-street parking area" is not defined. Section 1003.-020.3(64), merely defines "parking area" as "[a]n area of land used or intended for off-street parking facilities for motor vehicles." Neither is storage defined in the ordinance.

■ Our research has disclosed no reported Missouri case which has examined these terms in the context presented in this case. Other jurisdictions, however, have recognized a legal distinction between parking and storage. Parking connotes transience, while storage denotes a certain degree of permanency. *Service Realty Corp. v. Planning and Zoning Board of Appeals of Greenwich,* 141 Conn. 632, 109 A.2d 256 (1954); *Village of Great Neck v. Green,* 8 Misc.2d 356, 166 N.Y.S.2d 219 (Sup.Ct.1957); *Monument Garage Corp. v. Levy,* 266 N.Y. 339, 194 N.E. 848, 850 (1935); *State v. Breidenbach,* 5 Ohio App.2d 52, 213 N.E.2d 745, 746 (1964); 60 C.J.S. *Motor Vehicles,* § 6(3), p. 163.

In *Village of Great Neck v. Green,* 8 Misc.2d 356, 166 N.Y.S.2d 219 (Sup.Ct.1957), a village sought to enjoin defendant from placing new automobiles received from the factory on a lot adjoining his car dealership. Defendant had the right to use the vacant lot for parking as a non-conforming use. The court held that defendant's action constituted storage, not parking. The court stated:

> Parking is of short duration and measured by hours or at most by a day or two. It has in it the element of an automobile in use, being temporarily placed until it is

about to be again put into service and use. The cars which have been upon the lot and about which the complaint is concerned are not cars ready for the road. They are not licensed for the road, they are not cleaned, greased and oiled for the road nor are they equipped for the road. The use of the lot for these cars is not parking but storage . . . .

166 N.Y.S.2d at 221.

In *Mergenthaler v. State,* 293 A.2d 287 (Del.1972), the defendant was found guilty of violating a zoning ordinance by keeping school buses on a lot which was zoned C–2. Off-street parking was a permitted use in a C–2 district. The state contended that defendant's operation amounted to storage, not parking. The court noted that the basic question was whether "appellant's property is correctly described as a parking lot or open storage of automobiles or other vehicles." The court cited *Village of Great Neck v. Green* and held that the facts in this case fit the definition of parking in that case. The school buses were capable of being driven when they were on the lot, unlike the cars in *Village of Great Neck,* which were "not licensed and not ready for use." 293 A.2d at 288.

■ We find the definition of parking used in *Village of Great Neck* persuasive for purposes of this zoning ordinance. We do not think it was the intent of St. Louis County to allow a "junkyard" to be a permitted use in this Flood Plain area. Parking has in it the element of an automobile at least ready for use. Inoperative, damaged vehicles or operative vehicles which violate the vehicle safety statutes do not constitute vehicles ready for use. Their placement on defendants' vacant lot awaiting repair does not constitute parking. However, the permanent injunction issued in this case goes too far because it prohibits placing any damaged vehicle on this lot. We have concluded that if the damage to the vehicle is minor and such that it is operative and in compliance with the safety statutes, it is ready for use and may be placed on the lot to await repair without violating the zoning ordinance. This does

not constitute an unlawful expansion of the neighboring non-conforming use because the zoning ordinance expressly allows enlargement of a non-conforming use for "off-street parking." § 1003.170.2(4)(d), SLCRO.

The injunction is hereby modified to permanently enjoin defendants from placing or towing inoperative, damaged vehicles or operative, damaged vehicles violating the vehicle safety statutes, onto the property known as 9738 Halls Ferry Road. In all other respects the judgment is affirmed.

CRANDALL, P.J., and CRIST, J., concur.