**William J. GORMAN, Appellant,**

v.

**CORNWELL QUALITY
TOOLS, Respondent.**

### No. WD 39810.

Missouri Court of Appeals,
Western District.

April 19, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 31, 1988.

Application to Transfer Denied
July 26, 1988.

John C. Russell, Raytown, for appellant.

Bernard J. Rhodes, Gage and Tucker, Kansas City, for respondent.

Before NUGENT, P.J., and CLARK and COVINGTON, JJ.

CLARK, Judge.

William J. Gorman secured a default judgment against respondent when the latter filed no answer to Gorman's complaint for breach of contract. On motion of respondent, however, the default judgment was set aside, respondent filed a counterclaim and a trial was had on the merits. The verdict was for respondent on Gorman's petition and in favor of respondent on the counterclaim. On this appeal, Gorman contends that the trial court abused its discretion in setting aside the default judgment. He also argues that the court erred in awarding respondent interest and attorney fees.

The peculiar history of this case commenced March 26, 1985 when Gorman filed suit against his employer, respondent, for breach of a contract engaging Gorman as a dealer representative for respondent. The suit papers were served on respondent at its office in Ohio, April 15, 1985. According to respondent, the papers were mailed to an attorney in Kansas City on April 22, 1985, but no answer to the petition was filed. In later testimony, the attorney stated he had not received the papers and had no knowledge about the case until respondent contacted him after the default judgment had been entered. That judgment, in the amount of $100,000.00, was rendered against respondent on May 28, 1985.

Respondent filed a motion to set aside the default judgment June 6, 1985. Attached to the motion was the affidavit of one Deborah Senko, an employee of respondent, who stated, among other facts, that she had mailed the suit papers to the Kansas City attorney along with a memo on April 22, 1985, and had heard nothing more about the case until notified of the default judgment on May 31, 1985. Based on the motion and affidavit, the court ordered the judgment set aside on June 21, 1985.

Respondent thereafter filed a counterclaim against Gorman for the value of inventory furnished. The case was tried to a jury commencing July 28, 1987 and resulted in a verdict for respondent on Gorman's petition and a verdict for respondent and against Gorman in the amount of $3583.89

on respondent's counterclaim. That amount was increased by an added award to respondent of $887.04 prejudgment interest, $8210.17 attorney fees and $524.95 expenses.

The present appeal is from the order setting aside the default judgment and from the allowances of interest, attorney fees and expenses. Gorman has expressly abandoned any claim of error as to the trial and judgment, except in the particulars noted.

In his first point, Gorman contends the trial court abused its discretion in setting aside the default judgment because respondent failed to show it had exercised reasonable diligence with respect to its receipt and disposition of the suit papers and also failed to offer a reasonable excuse for suffering the default. Respondent cites in particular *Hughes v. Christian*, 586 S.W.2d 788 (Mo.App.1979).

There is a distinction which renders *Hughes* inapplicable as authority. There the claim was made that a clerk either had mislaid the suit papers or, if they were forwarded to an attorney, he negligently failed to file a pleading and a default judgment was rendered. What distinguishes *Hughes* is that the court in that case overruled the motion thus rendering the default judgment a final judgment subject to appeal.

In the present case, as was noted, the court sustained the motion, the default judgment was set aside and after a trial on the merits, a judgment was entered which has now become final. If any appeal lies, it is from that judgment and not from the order setting aside the default judgment. Setting aside a default judgment, if ordered within thirty days of rendition of that judgment, is a discretionary act from which no appeal lies. *Obermann v. Obermann*, 701 S.W.2d 162, 164 (Mo.App.1985). As is explained in *Diekmann v. Associates Discount Corp.*, 410 S.W.2d 695, 697 (Mo. App.1966), a judgment remains within the breast of the court for thirty days following its rendition. So long as the judgment has not become final, the court may set it

aside and there is no appeal from that discretionary act. *Id.*

This case is to be distinguished from cases in which the order appealed from was made after the default judgment became final. An appeal lies in that circumstance because the order is a special order after final judgment in the case and therefore within the scope of § 512.020, RSMo 1986, which authorizes appeals from special orders made after final judgment in the cause. In like manner, an order setting aside a default judgment before that judgment has become final is not appealable because not within the grant of right of appeal under the statute.

The consequence of this ruling, and the authorities cited, is to deny a litigant appellate review of the order setting aside the default judgment in this or any other case of similar facts. The reason, of course, is that a trial court cannot commit error when it acts to grant a defaulting party an opportunity to litigate a cause on the merits, provided the order is made within the period of thirty days after entry of the default judgment. As the court noted in *Altman v. Werling*, 509 S.W.2d 787, 788 (Mo.App. 1974), the trial judge may act in this situation for any reason that may have occurred to him and no reason at all for the action need be stated. No doubt the proposition is based on the more basic concept that the law favors a disposition on the merits as opposed to a judgment by default. Appellant's first point is ruled against him.

In his second and final point, appellant argues that the trial court erred in entering an addition to the judgment assessing interest, attorney fees and expenses in the amounts set out above in this opinion. Specifically, he says the court acted on respondent's application without notice to appellant and without an opportunity for appellant to contest the amounts of such fees and costs.

In presenting the case at trial, the parties stipulated that the amount of the fees and expenses would be set by the court, in the event the verdict in the case was for respondent. The agreement between appellant and respondent under which appel-

lant was employed as a dealer for respondent's products provided for the obligation of appellant to pay interest and attorney fees as well as expenses associated with collection of indebtedness owed by appellant. The existence of that obligation is not a subject of dispute. The only issue before the trial court on respondent's post-verdict motion was the amount owed.

Respondent's application was accompanied by an affidavit by respondent's attorney setting out the time spent on the case itemized as to hours and services. Expenses were also detailed, and a computation of prejudgment interest was supplied. The court allowed the interest and one-half of the attorney fees and expenses, apparently on the assumption that a portion of these charges was not assessable to appellant because incurred in the defense of appellant's suit against respondent.

The record shows respondent's motion was filed August 6, 1987 and the judgment was entered August 24, 1987. Appellant made no response to the motion but contends he was awaiting notice of a hearing to be scheduled at such time as respondent decided to call its motion up for disposition. Appellant argues that the action of the court in ruling the claims based on the affidavit denied him an opportunity to be heard on the merits of the claim.

Rule 55.28 authorizes the court to decide motions based on affidavits which supply facts not appearing of record. The matter of whether an evidentiary hearing is required is a decision to be made by the trial court in the exercise of its discretion, a decision reviewable only upon a claim that the court has abused its discretion. *Senn v. Manchester Bank of St. Louis*, 583 S.W. 2d 119, 133 (Mo. banc 1979). There is no due process right, therefore, which entitles a party, such as appellant here, to notice up an evidentiary hearing.

Appellant does not raise a claim of abuse of discretion, but instead relies on Local Rule 33.5(2) of the Sixteenth Judicial Circuit which, he says, obligated respondent to call its motion up for hearing by notice to appellant. The local rule does not purport to be the exclusive direction of procedure for disposition of motions which require some proof not already of record. It excludes from its terms motions which rely on proof by affidavit.

In this case, appellant should have been alerted by the supporting affidavit accompanying respondent's motion that a disposition by affidavit proof was in prospect. If that mode of proof was deemed by appellant to be not in appellant's interest, a motion seeking an evidentiary hearing should have been filed. Instead, appellant simply did nothing and the motion and affidavit were unopposed. Appellant is not now in a position to complain. The point is denied.

The judgment as to attorney fees, interest and expenses is affirmed. The appeal from the order setting aside the prior default judgment is dismissed.

All concur.

**J.P., Appellant,**