**ST. LOUIS COUNTY, Missouri,**
**Plaintiff–Appellant,**

v.

**Alma Johnson TAGGERT and Michael Taggert, Defendants–Respondents.**

**No. 58609.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 28, 1991.

Patricia Redington, Robert H. Grant, Clayton, for plaintiff-appellant.

Aaron Stuart Dubin, Jody Wolff, Clayton, for defendants-respondents.

STEPHAN, Judge.

On May 25, 1989, St. Louis County (the "County") filed suit against Alma Johnson Taggert and Michael Taggert (the "Taggerts") seeking to enjoin an alleged violation of the County's zoning ordinance, Section 1003.117, SLCRO. Specifically, the County sought to enjoin the Taggerts from the operation of or allowing the operation of a contracting business on their premises, and the storage of or allowing the storage of commercial vehicles on their premises. The Taggerts were served with the petition on June 17, 1989. On July 14, 1989 they were granted an additional thirty days to respond.

The Taggerts failed to answer within the required time and an interlocutory default judgment was entered against them on September 1, 1989. A hearing on the matter was set for October 16, 1989. The Taggerts failed to appear or answer on that date and a default judgment was entered.

On October 20, 1989, the Taggerts moved to set aside the default judgment on the ground that their counsel did not learn of the entry of the judgment until October 17, 1989. Counsel prepared an affidavit affirming this information. For some reason, the original affidavit was not filed with the court. At the hearing on the motion to set aside, however, the affidavit and facts supporting the motion were before the court as exhibits. Over the County's objections, the motion to set aside the default judgment was granted on October 20, 1989.

At trial, the County introduced evidence that there were four vehicles, some commercial, present on the Taggerts' property on a daily basis. At the close of the County's case, the trial court, *sua sponte*, entered judgment on both counts in favor of the Taggerts. The court found no evidence that vehicles were being stored on the premises and refused the County's request to amend its pleading to allege "parking" rather than "storing" as the basis for the alleged violations. The County's motion for new trial was denied on June 25, 1990, and this appeal followed.

We first address the Taggert's motion, taken with the case, to strike or dismiss the County's first point relied on because the trial court's order setting aside the default judgment is not appealable. We agree.

A judgment becomes final at the expiration of thirty days after the entry of such judgment. Rule 81.05(a). The trial court retains control over its judgments during the thirty day period and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend or modify its judgment. Rule 75.01. The trial court's order setting aside the default was entered three days after the entry of the default judgment.

Setting aside a default judgment, if ordered within thirty days of the rendition of that judgment, is a discretionary act from which no appeal lies. *Gorman v. Cornwell Quality Tools*, 752 S.W.2d 844, 846 (Mo.App.1988). If any appeal lies it is from the judgment on the merits, not from the order setting aside the default judgment. *Id.* The County's first point on appeal is, therefore, dismissed.

The County's second point asserts that the trial court erred in ruling that the County failed to make a submissible case because "parking" and "storing" are indistinguishable terms.

The Taggerts did own the property at issue and it was zoned for residential use. The County's evidence was that a 1988 Camaro, a 1988 GMC pick-up truck, a 1983 pup trailer, and a 1985 Mack tandem were present on the property on a daily basis. Count II of the County's petition alleged that "[s]torage or permitting the storage of commercial vehicles on the premises is not a permitted use ..."

Neither "parking" nor "storing" is defined in the ordinance. These terms were, however, judicially defined in *St. Louis County v. Pfitzner*, 657 S.W.2d 262 (Mo.App.1983). There, this court held that there is a legal distinction between parking and storage. Parking connotes transience while storage denotes a certain degree of permanency. *Id.* at 264. We also take

note that, in *Pfitzner*, it was the County which sought to distinguish the terms.

The County did not plead a parking violation and its evidence was insufficient to prove storage. It only showed that certain vehicles were present on the premises on a daily basis. The vehicles were not shown to be inoperative or immovable. Pursuant to *Pfitzner*, these vehicles did not have "a degree of permanence;" they were not stored on the premises. Point II is denied.

In its final point, the County argues that the trial court erred in refusing to allow it to amend its pleadings to conform to the evidence. The County sought to change the word "storing" to "parking."

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Rule 55.33(b). A court should be liberal in permitting such amendments, but it is still a matter primarily within the sound discretion of the trial judge whose ruling will not be disturbed absent obvious abuse of that discretion. *Dillard Dept. Stores, Inc. v. Muegler*, 775 S.W.2d 179, 183 (Mo.App.1989).

We cannot say that the trial court abused its discretion. First, it was not clear that the matter was tried by consent, either express or implied, as the County never proved the meaning of "parking" or "storing." Further, as previously noted, "parking" and "storing" are not interchangeable terms. The Taggerts would have been prejudiced if the County had been allowed to amend at that point, because they would have been forced into the defense of an action different from that which they were prepared to meet.

The judgment of the trial court is affirmed in all respects.

REINHARD, P.J., and CRANE, J., concur.