UNIVERSITY PLACE–LINCOLN ASSOCIATES L.P. ET AL.,
APPELLANTS, V. RANDALL T. NELSEN, DOING BUSINESS AS CARS
R FUN, AND GAYLA D. NELSEN, APPELLEES.

530 N.W.2d 241

Filed April 7, 1995.   No. S-93-672.

William G. Blake, of Pierson, Fitchett, Hunzeker, Blake & Loftis, for appellants.

Richard L. Spangler, Jr., of Woods & Aitken Law Firm, for appellees.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ.

WHITE, C.J.

Before 1988, Love Development & Investment Company and Love Investment Company (collectively, Love Investment) owned University Place, a shopping center (Lot 2), and its adjoining parking lot (Lot 1), which are located at the intersection of 48th and Leighton Streets in Lincoln, Lancaster County, Nebraska. In 1988, Love Investment divided University Place into two lots and sold Lot 1 to University Place–Lincoln Associates L.P. (Lincoln Associates), a limited partnership; Love Investment retained ownership of Lot 2. At that time, Love Investment declared an easement to govern parking privileges

on both lots. The easement provided in relevant part:

> Parking easements. Owner [Love Investment], as the present owner of Tracts I and II [Lots 1 and 2], hereby declares, and grants and conveys to the from time to time owner of the other Tract for the use and benefit of said from time to time owner and the respective tenants, subtenants, employees, agents, contractors, licensees, permittees and invitees thereof, a perpetual, nonexclusive easement (the "Parking Easement") in and on those portions of the Tracts which are from time to time used for vehicular parking (the "Parking Easement Area") for the purpose of vehicular parking thereon, and a perpetual, nonexclusive easement over and across such portions of both Tracts as may be reasonably necessary for such vehicular and pedestrian ingress to and egress from the Parking Easement Area as may be required to enable the said from time to time owners of both Tracts and their respective tenants, subtenants, employees, agents, contractors, licensees, permittees and invitees to realize the benefits of the Parking Easement. It is understood that each from time to time owner of a Tract shall have the right to develop, build and construct improvements upon any portion of the Parking Easement Area which benefits the other Tract, in which event the Parking Easement shall automatically terminate (without further action by any party) as to that portion of said Tract in which said development, building or construction shall occur. *It is further understood that if a from time to time owner of a Tract discontinues use of a portion of its Tract for vehicular parking, the Parking Easement shall automatically terminate (without further action by any party) as to that portion of said Tract.*

(Second emphasis supplied.) On October 21, 1988, Love Investment recorded the easement with the Lancaster County register of deeds.

Subsequently, in 1992, Love Investment sold Lot 2 to Randall T. Nelsen. Nelsen commenced construction of a building on Lot 2 to serve as a used-car dealership. Lincoln Associates objected, contending that Nelsen's use of Lot 2 would violate the easement.

Lincoln Associates and tenants of the shopping center filed this action in Lancaster County District Court, seeking a restraining order against Nelsen. The district court initially granted the request for a restraining order but later vacated the order. After trial on the merits, the trial court found for Nelsen and dismissed the petition.

An injunction is a remedy available through an equity action. In an appeal of an equity action, an appellate court tries factual questions de novo on the record and reaches a conclusion independent of the findings of the trial court, provided, however, that where credible evidence is in conflict on a material issue of fact an appellate court considers and may give weight to the fact that the trial court heard and observed the witnesses and accepted one version of the facts rather than another. *Richdale Dev. Co. v. McNeil Co.*, 244 Neb. 694, 508 N.W.2d 853 (1993); *K N Energy, Inc. v. City of Broken Bow et al.*, 244 Neb. 113, 505 N.W.2d 102 (1993); *Chambers–Dobson, Inc. v. Squier*, 238 Neb. 748, 472 N.W.2d 391 (1991).

Lincoln Associates and the shopping center tenants allege that the district court erred in determining that Nelsen was "storing" and not "parking" cars, thereby "discontinu[ing] use of a portion of [his] Tract for vehicular parking [and] automatically terminat[ing] [the parking easement] as to that portion of said Tract." We note that the declaration of easements contains neither a provision for cessation of parking nor a definition of "parking." Therefore, in the absence of any evidence to the contrary, the easement's terms must be given their plain and ordinary meaning, as ordinary, average, and reasonable persons would understand those terms. See, *Fritsch v. Hilton Land & Cattle Co.*, 245 Neb. 469, 513 N.W.2d 534 (1994); *Prawl Engineering v. Charles Vrana & Son Constr.*, 241 Neb. 49, 486 N.W.2d 24 (1992).

As the district court observed, the word "parking," in its plain and ordinary sense, refers to a short duration "measured by hours or, at most, by a day or two" and which has in it the element of a vehicle in use, being placed only temporarily until it is put in service again soon. See *Inc. Vil. of Great Neck v. Green*, 8 Misc. 2d 356, 166 N.Y.S.2d 219 (1957). Conversely, while "parking" connotes transience, "storing" connotes a

degree of permanency. *Matter of Monument Garage Corp. v. Levy*, 266 N.Y. 339, 194 N.E. 848 (1935); *St. Louis County v. Taggert*, 809 S.W.2d 476 (Mo. App. 1991). See *St. Louis County v. Pfitzner*, 657 S.W.2d 262 (Mo. App. 1983). In the case at bar, because Nelsen was using Lot 2 as a used–car dealership, he was not "parking" cars on Lot 2; rather, he was "storing" cars on Lot 2. Consequently, as contemplated in the declaration of easements, the parking easement has been automatically terminated as to that portion of Lot 2 where Nelsen has been storing used cars because he has discontinued use of that portion of Lot 2 for vehicular parking. We are compelled to conclude that the district court did not err in determining that Nelsen was "storing" and not "parking" cars, thereby "discontinu[ing] use of a portion of [his] Tract for vehicular parking [and] automatically terminat[ing] [the parking easement] as to that portion of said Tract."

Therefore, the easement continues in full force with regard to the areas in which Nelsen is not storing cars, and the shopping center's customers may continue parking in those areas. We affirm.

AFFIRMED.